Cannon *v.* McManus.

CANNON, Defendant in Error, *vs.* McMANUS, Plaintiff in Error.

1. Under the new code, a defendant in an attachment suit cannot, in the same answer, plead in abatement to the truth of the affidavit, and in bar to the merits of the action. By so doing, he waives the plea in abatement.

*Error to Law Commissioner's Court.*

Cannon brought a suit by attachment against McManus. McManus filed an answer, denying the truth of the affidavit on which the attachment issued, and also the indebtedness charged in the petition. At the trial, the court refused to try any issue but that made on the indebtedness, and excluded all evidence offered to disprove the affidavit, holding that the plea in abatement was waived by the plea in bar; to which the defendant excepted. There was a judgment for plaintiff, and defendant brings the case here by writ of error.

*H. Dusenbury*, for plaintiff in error. 1. The fifteenth section of article five of the new code, requires that "the pleadings and procedure (in attachment suits) shall be, as near as may be, according to the provisions of this act. Section 7 of article 6, requires of defendant a specific denial of every allegation of the petition controverted by the defendant; and section 8 of same article, gives the defendant the right to set forth in his answer as many grounds of defence as he shall

have. By article 6, section 2, the only pleading allowed on the part of the defendant is either a demurrer or answer. The defendant insists that, in pleading in bar and in abatement, in the same answer, he has only fulfilled the requirements of the new code, and cannot be deemed to have waived his right to contest the validity of the writ and the truth of the affidavit. 2. The affidavit omits the material word "fraudulent," and does not state that "the affiant has good reason to believe and does believe" the existence of any one or more of the causes which would entitle him to sue by attachment, under the first section of the act of 1845. *Stevenson* v. *Robbins*, 5 Mo. 18. When judgment is rendered on an affidavit, not warranted by statute, the judgment will be set aside for irregularity even after the lapse of several years. *Alexander* v. *Hayden*, 2 Mo. 228.

RYLAND, Judge, delivered the opinion of the court.

1. From the foregoing statement, the question arises, whether a defendant, against whom an attachment has issued, can, in the same answer, respond to the merits of the plaintiff's petition and deny the facts stated in the affidavit; thus making his answer operate in bar to the action and in abatement to the action at the same time. We think not. The defendant must, if he intends to put the truth of the plaintiff's affidavit in issue, do so by his answer, or by his plea in the nature of a plea in abatement. He cannot be allowed to answer to the action upon the merits, and at the same time make the answer a plea in abatement. The new code of practice, art. 5, §15, provides that "suits may be brought by attachment in the cases, and conducted in the manner authorized by statute in such cases : Provided, that the pleadings and procedure shall be, as near as may be, according to the provisions of this act." The twenty-fifth section of the attachment act of 1845, art. 1, p. 139, declares that, "in all cases where property or effects shall be attached, the defendant may file a plea in the nature of a plea

in abatement, without oath, putting in issue the truth of the facts alleged in the affidavit on which the attachment was sued out."

In the opinion of this court, the defendant, desiring to put the truth of the facts stated in the affidavit in issue, must do so still, by his plea in the nature of a plea in abatement, or by his answer, denying the facts stated in the affidavit alone. No principle is better settled than that a party, by pleading in bar, waives all dilatory pleas. The object of the plea or answer, denying the truth of the facts set forth in the affidavit, is not to determine the merits of the action, but to turn the plaintiff out of court and compel him to begin anew.

The answer of a defendant in a suit by attachment, containing matters of defence to the action, as well as a denial of the truth of the facts stated in the affidavit, must be construed as an answer in bar, and thereby precludes the party from trying the issue tendered in abatement.

The law commissioner, then, did right, in disregarding that part of the answer in which the facts in the affidavit were denied. The judgment, therefore, must be affirmed, the other judges concurring.