F. J. SHARKEY, ASSIGNEE, Appellant, v. J. D. WILLIAMS, Respondent.

### St. Louis Court of Appeals, February 9, 1886.

ATTACHMENT—PLEA IN ABATEMENT—WAIVER.—The rule, that the defendant in attachment waives his plea in abatement by pleading to the merits of the action, has no application where the plea in abatement is no more than a traverse of the allegations in the affidavit.

APPEAL from the St. Louis County Circuit Court, W. W. EDWARDS, Judge.

*Affirmed.*

DAVID MURPHY, for the appellant.

GEORGE W. ROYSE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was a suit by attachment. The affidavit following the requirement of the statute (Revised Statutes, section 403), states that the plaintiff has a just demand against the defendant therein, now due, and that the amount which this affiant believes that plaintiff ought to recover, after allowing all just credits and set-offs, is three hundred and twenty-five dollars. It then proceeds to allege some of the grounds of attachment prescribed in Revised Statutes, section 398.

The defendant filed, what was stated in its caption, to be a plea in abatement to the attachment, in which each of the allegations of the affidavit was severally and distinctly traversed, including the allegation of the plaintiff having a just demand against the defendant in the sum named. This part of the plea was in the following words: "Now, comes the defendant herein, and, for plea in abatement to the attachment in the above entitled cause, denies that plaintiff has a just demand against him for the sum of three hundred and twenty-five dollars, and denies that plaintiff ought to recover, after allowing all

just credits and set-offs, the sum of three hundred and twenty-five dollars, or any sum whatsoever." The remaining portion of the plea traversed the averments of the affidavit, touching the fraudulent assignment and concealment of his effects by the defendant. The plaintiff filed a motion to strike out all that part of the plea in abatement suceeeding the part above quoted. This motion was overruled by the court, and the plaintiff excepted. Thereupon, the issues raised by the plea in abatement were tried before a jury, and a verdict was rendered for the defendant, whereupon the court rendered the usual judgment, that the attachment abate, and that the defendant recover the costs of the same. From this judgment, the plaintiff prosecutes this appeal.

The only question which arises upon the record is whether the matter in the so-called plea in abatement is matter in abatement, or in bar. The petition alleged that the defendant was indebted to the plaintiff, upon a cause of action therein stated, in the sum of three hundred and twenty-five dollars, the sum laid in the affidavit for the attachment. In so far as the matter above quoted, from the plea in abatement, denied any indebtedness from the defendant to the plaintiff, it was a denial of matters stated in the petition, as well as of matters stated in the affidavit. But it did not purport to be an answer to the petition; it did not deny the facts stated in the petition as the plaintiff's cause of action, but merely denied the conclusions of law, from those facts, that the defendant was indebted to the plaintiff in the sum named. It was not a general denial of the petition, nor a special traverse of its allegations ; nor did it set up new matter of avoidance. Standing alone, it would not have been a good answer to the petition, but it would have been demurrable. The statute which prescribes what a plea in abatement in an attachment suit shall contain, reads as follows : "In all cases where property, effects, or credits shall be attached, the defendant may file a plea, in the nature of a plea in abatement, verified by affidavit, putting in issue the truth of the facts alleged in the affidavit, on which the attachment was sued out." Rev. Stat., sect. 438, The defend-

ant has literally complied with this statute, by filing a plea, verified by affidavit, "putting in issue the truth of the facts alleged in the affidavit, on which the attachment was sued out;" and now, it is argued that his plea in abatement must be held bad, because he did put in issue a part of those facts only. We can make out of this argument nothing more than this : because the plaintiff, in a good plea in abatement, such as the statute prescribes, has been obliged to make a certain allegation, which embodies an imperfect and demurrable answer to the merits, therefore, all other allegations in abatement are to be stricken out of his plea, and he is to be left to defend the suit in chief upon this imperfect and demurrable answer.

The rule that the defendant in an attachment suit waives his plea in abatement, by pleading to the merits of the action, is not questioned. *Hatry v. Shuman*, 13 Mo. 547 ; *Cannon v. McManus*, 17 Mo. 345 ; *Green v. Craig*, 47 Mo. 90.

Nor is it doubted that the rule applies where matters in abatement and in bar are set up in the same answer. But there is no case in this state, in which the rule has been applied where, as in this case, the plea in abatement was nothing more than a literal traverse of the allegations in the affidavit. To extend it to such a case as this would be to proceed in plain disregard of section 428, Revised Statutes.

The judgment is affirmed. All the judges concur.