## Morris D. Rees, Appellant, v. Louis Augustine, Respondent.

### St. Louis Court of Appeals, February 23, 1887.

Attachment—Plea in Abatement.—A plea purporting to be in abatement of an attachment is not a plea to the merits, although it denies all the facts stated in the affidavit for attachment, including the allegations of indebtedness.

Appeal from the Franklin County Circuit Court, A. J. Seay, Judge.

*Affirmed.*

J. C. Kiskaddon, for the appellant : A plea to the merits is a waiver of the plea in abatement. *Cannon v. McManus*, 17 Mo. 345 ; *Haley v. Shuman*, 13 Mo. 547 ; *Green v. Craig*, 47 Mo. 90 ; *Fordyce v. Hathorn*, 57 Mo. 120. The plea filed was an answer, and a plea to the merits. In this state, even before a general denial was authorized by the code, and a special denial, if any, required, it was held that to an allegation of indebtedness a simple denial was an answer. *Westlake v. Moore*, 19 Mo. 556 ; *Simmons v. Sisson*, 26 N. Y. 264 ; *Hill v. Smith*, 27 Cal. 476, 479 ; *Schemmerhorn v. Van Allen*, 18 Barb. 29 ; *Andrews v. Bond*, 16 Barb. 633.

Wm. L. Beyersdorff, for the respondent.

Lewis, P. J., delivered the opinion of the court.

The plaintiff commenced his suit by attachment, for the breach of a contract whereby the defendant had agreed to purchase and pay for three mules. The defendant's first pleading commenced thus :

"And now comes the defendant and moves the court to abate the attachment and proceedings herein.

And the defendant, Louis Augustine, being duly sworn, upon his oath, says that the plaintiff herein has not a just demand against the defendant now due, and that the plaintiff is not entitled to recover, after allowing all just credits and off-sets, the sum of $429.62, or any other sum, as stated in the amended affidavit and swearing of the plaintiff, and defendant further on his oath says," etc.

Then followed a specific denial of each of the alleged grounds of attachment in the plaintiff's affidavit. The bill of exceptions recites:

"The said cause came on to be tried before a jury, and the said jury being sworn, the plaintiff offered to prove the allegations of his petition, to which the defendant objected, on the ground that the issues to be tried were on the amended affidavit for an attachment and the plea in abatement thereto, and the plaintiff insisted that the plea in abatement was substantially a denial of the plaintiff's cause of action stated in his petition, and that by said denial the defendant had waived his right to plead in abatement, but the court sustained the defendant's objection and overruled the plaintiff's offer to introduce said evidence, to which ruling of the court the plaintiff at the time excepted."

The defendant, then, upon leave given by the court, filed an amended plea in abatement, omitting the averments about the plaintiff's demand, etc., contained in his first pleading, and denying in customary form the facts alleged as grounds for the attachment. The plaintiff moved to strike out this amended plea, because the defendant had waived his plea in abatement by answering to the merits. The court denied this motion, whereupon the plaintiff took a non-suit with leave, etc., and his motion to set aside the non-suit was afterwards overruled.

Counsel for the plaintiff here insists that the defendant's allegation, "that the plaintiff herein has not a just demand against the defendant now due, and that.

the plaintiff is not entitled to recover, after allowing all just credits and off-sets, the sum of $429.62, or any other sum," is substantially a general denial of the plaintiff's cause of action, and is, therefore, an answer to the petition on the merits of the action.

There is not a shadow of support for such a position, in either reason or authority. The form and language of the plea show, from beginning to ending, that the pleader's purpose was a response to the plaintiff's affidavit, and not to his petition. The petition is not once mentioned, nor is a single one of its averments transcribed, for denial or otherwise. On the other hand, the very expressions which the plaintiff says are responsive to the petition are almost literally transcribed, with a negation, from the affidavit. It is a mistake to suppose that a mere denial that the plaintiff has a "just demand," or that he is "entitled to recover," could ever be treated, under our system of practice, as a legitimate answer upon the merits to any petition properly setting forth a cause of action. It is true, as the learned counsel intimates, that, before the introduction of our code, a declaration in debt was sufficiently met by the plea of *nil debet.* But, under the common law system, there were sundry short forms of plea, known as the "general issue," adapted to the various forms of action, respectively, under which complete defences might be proved. The courts, however, were perpetually employed in distinguishing between defences that were admissible under the general issue, and those for which a special plea was necessary. So numerous in some cases, especially in the action of *assumpsit,* were the different defences that might be introduced under the general issue, that a plaintiff could only guess, until he heard the adverse testimony, what he would be required to meet. These were some of the inconveniences which invited the adoption of a reformed practice. Our statute meets the case by providing that: "The answer

of the defendant shall contain: First, a general or specific denial of each material allegation of the petition controverted by the defendant, or any knowledge or information thereof sufficient to form a belief; second, a statement of any new matter constituting a defence or counter-claim, in ordinary and concise language, without repetition." Rev. Stat., sect. 3521. The expressions, "denial of each material allegation of the petition," and "statement of any new matter constituting a defence or counter-claim," mean a denial or statement of specific facts, and not a mere conclusion of law. A denial that the plaintiff has a "just demand," with an averment that he is "not entitled to recover," asserts only a conclusion of law that may result from any one or more of several diverse facts—as, payment and satisfaction of the plaintiff's claim, the absence of any breach of contract, or the non-existence of the contract alleged. Standing alone, as they do here, such denials or averments are in no possible aspect recognizable, under our statute, as presenting any answer to the petition on the merits of the cause. It is evident, not only that the defendant did not intend an answer to the petition, but that the court could not, with any sort of propriety, have treated his pleading as such answer. *Sharkey v. Williams*, 20 Mo. App. 681.

There being no other claim of error, except such as depend wholly on the one thus disposed of, the judgment is affirmed, with the concurrence of all the judges.