W. T. HUBBARD, Respondent, v. J. T. QUISENBERRY, Appellant.

Kansas City Court of Appeals, November 21, 1887.

1. JUSTICE OF THE PEACE—APPEAL FROM ERRONEOUS JUDGMENT—TIME OF TAKING.—Where, in a suit by attachment, before a justice of the peace, the justice treats a plea in abatement as one to the merits, and sustains the attachment, and proceeds to trial on the merits, the only remedy left defendant, in such contingency, is to appeal from the final judgment. He could not appeal earlier. And when judgment goes against him, on the attachment, in a justice's court, he would not, as in the circuit court, be required to file his bill of exceptions at the end of the trial of the issues on the plea in abatement.

2. —— —— EFFECT OF IN CIRCUIT COURT, AS TO TRIAL THERE. Since the defendant, in such a case, could only appeal from the adverse ruling of the justice on his plea in abatement, after final judgment on the merits, the appeal brings up the whole case before the circuit court, and it should proceed to try the case dè novo; and should allow the defendant to make an amended affidavit, or plea, in that court, if he sees fit to do so.

3. —— —— FAILURE TO OBJECT IN TRIAL COURT—EFFECT OF, AS TO THIS COURT.—This court will not review the action of the trial court in this case, in permitting the plaintiff to file an amended statement of the cause of action, as it does not appear that he objected thereto in the trial court. Unless defendant duly interposed the objection, and saved exceptions to the action of the court, he cannot, for the first time, raise such question here.

APPEAL from Morgan Circuit Court, HON. E. L. EDWARDS, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

WRAY & WRAY and COSGROVE & JOHNSTON, for the appellant.

I.    The defendant was entitled to a trial upon the issues raised by his plea in abatement, before being com-

pelled to go to trial upon the merits. Rev. Stat., sect. 439.

II. This was a suit by attachment brought before a justice of the peace. In the justice's court a plea in the nature of a plea in abatement was filed, and the justice refused to hear any evidence thereon, but merely made an order sustaining the attachment. In the circuit court defendant offered to file a plea in abatement, which was refused by the court. He then asked for a trial upon the plea in abatement, filed in the justice's court, which was also refused. Each plea, the one filed in justice's court, and the one offered to be filed in the circuit court, "put in issue the truth of the facts alleged in the affidavit, on which the attachment was sued out." Rev. Stat., sect. 438.

III. And the circuit court should have granted defendant a trial upon this issue. This was a trial *de novo*, and even if defendant had not pleaded in abatement in the justice's court, but only to the merits, he would not have waived his right to plead in abatement in the circuit court. *Phillips v. Bliss*, 32 Mo. 427.

IV. For the reason that no evidence should have been heard upon the merits, before the plea in abatement was disposed of, the instruction number four, asked by the defendant and refused by the court, which was in the nature of a demurrer to the evidence, should have been given.

V. There was only one final judgment rendered before the justice, and from that appellant appealed to the circuit court of Morgan county. The circuit court held, as did the justice, that the paper filed and printed, as respondent's abstract, though putting in issue the facts stated in the affidavit, was an appearance to the merits, and that appellant had waived his right to the trial upon the plea in abatement. The circuit court seemed to regard the rulings of the justice as *res adjudicata*. The appellant could only appeal from a final judgment, and in this case there was a judgment sustaining the attachment, and on the same day, and before the

same justice, there was also a final judgment upon the merits, and the appellant then took his appeal from that final judgment to the circuit court of Morgan county. The correctness of that appeal is fully sustained by the following authorities: *Davis et al. v. Perry*, 46 Mo. 449; *Jones et al. v. Snorgrass*, 51 Mo. 7; *Walser v. Haley*, 61 Mo. 445; *Jones v. Evans*, 80 Mo. 365; *Knapp et al. v. Joy et al.*, 9 Mo. App. 47. There is no conflict between the position here taken and the doctrine announced in *Hicks v. Martin et al.* (25 Mo. App. 359). The learned judge who wrote the opinion in that case did not hold that where, as in this case, the defendant was denied a trial of the plea in abatement, and judgment was rendered against him, sustaining the attachment, and a trial was had on the same day upon the merits, and judgment rendered for the plaintiff therein, that in order to get the whole case into the circuit court, the defendant was obliged to perfect two appeals—one from the interlocutory judgment, sustaining the attachment, and another from the final judgment upon the merits. The Revised Statutes (p. 75, sect. 472) provide that where the issues in an attachment are found for the defendant, the attachment shall abate, but, when found for the plaintiff, the cause shall proceed. *Jones v. Snorgrass, supra.*

VI. The cause of action, stated in the original complaint, filed before the justice, was for "use and occupation." It in no manner showed that the relation of landlord and tenant existed. The statute (Laws 1883, p. 104) requires in this kind of a suit, in justices' courts, that the plaintiff must state his cause of action in writing, differing in this regard from most suits instituted before justices of the peace. Respondent could not have recovered upon the original complaint, as it stated no cause of action. *Edmonson v. Kite*, 43 Mo. 176; *The Aull Savings Bank v. Aull's Adm'r*, 80 Mo. 199. The amended complaint was an entire change of the cause of action sued on and tried in the justice's court. It was error to allow respondent to amend his complaint, by setting up an entirely new and different cause of action.

Rev. Stat., p. 511, sect. 3060; *Mitchell v. Railroad*, 82 Mo. 106.

ANTHONY & ROSS, for the respondent.

I.    There is no error in this record.    Quisenberry, in the justice's court, failed to appeal from the judgment sustaining the attachment, and cannot be heard in the circuit court to dispute such judgment.    *Hicks v. Martin*, 25 Mo. App. 359.

II.    The same rules apply in justices' as in circuit courts.    By pleading in abatement, and to the merits, in the same answer, the plea in abatement is waived. *Cannon v. McManus*, 17 Mo. 345; *Green v. Craig*, 47 Mo. 90.

III.    No written plea was necessary in the justice's court.    Rev. Stat., p. 75, sect. 471.    It was necessary only to put in issue the facts alleged in the affidavit for attachment.    But, Quisenberry, having elected to file a written plea in the justice's court, must stand or fall by his pleading—must abide its consequences.    *Bray's Adm'r v. Seligman*, 75 Mo. *loc. cit.* 40.

IV.    This court looks only to the abstract; only the amended statement filed in the circuit court is set out. *Hyatt v. Wolfe*, 22 Mo. App. 191.    No point was made on the amended statement; only two errors are assigned. The first is, the trial court erred in not disposing of the plea in abatement.    The second is, the refusal of an instruction, which is not set out in the abstract.    This court will consider those two objections only.    *Wheeler v. Western Manufacturing Co.*, 23 Mo. App. 190.

V.    The cause of action was not changed by the amendment in the circuit court.    It was a proceeding to collect rent due in the beginning and so remained to the end.    *Brashears v. Shock*, 46 Mo. 22; *Chavin v. Sowers*, 23 Mo. 227; *Grimes v. Chiles*, 28 Mo. 576; *Harkness v. Julian*, 53 Mo. 238.    Besides, the objection is made for the first time in this court.

VI.    As to the ruling upon the plea in abatement, the authorities cited by appellant, with, perhaps, one

exception, antedate the change in the law, and hence have no application. This possible exception is 80 Mo. 565. If this opinion was rendered upon a suit commenced, and attachment issued, etc., or tried before section 439, Revised Statutes, 1879, was amended, or rather before section 42, of General Statutes of 1865, was amended, then the decision was correct. If after section 439 (as it now stands) was the law, said opinion is clearly not the law, so that in either case, it does not help the appellant.

PHILIPS, P. J.—This action was begun in a justice's court. The statement of the cause of action alleged, substantially, that on the first day of March, 1885, plaintiff was the owner of an undivided fifteen-sixteenths interest in certain lands situated in Morgan county; that on said day the defendant entered into the possession of said interest, and used and occupied the same, and made a crop thereon during said year; that the whole of the premises so occupied were reasonably worth the sum of eighty dollars, and the fifteen-sixteenths interest of plaintiff therein was worth seventy-five dollars, for which judgment was asked. To this statement was appended an affidavit, under the landlord and tenant act, for an attachment, which alleged "that the plaintiff has a just demand against J. T. Quisenberry, the defendant, and that the amount which the affiant believes plaintiff ought to recover, after allowing all just credits and setoffs, is seventy-five dollars, now due, and that he has good reason to believe, and does believe, that the defendant is attempting to dispose of, and is disposing of, the crop grown on the demised premises mentioned in the accompanying petition, so as to endanger, hinder, or delay the landlord therein mentioned from the collection of his rent; and that he believes that unless an attachment issue he will lose his rent due him from said defendant."

The defendant appeared and filed the following plea in abatement: "J. T. Quisenberry, the above-named

defendant, for his plea in abatement in the above-entitled cause, on his oath states that he denies each and every allegation stated in the petition and affidavit filed in said cause on which the attachment was issued. Defendant denies that he at any time rented the lands described in plaintiff's petition from the plaintiff, or that he ever agreed to pay plaintiff any rent therefor; and denies that the plaintiff was the owner of said land at the date of the commencement of this suit, or that he is now such owner, and denies that the relation of landlord and tenant ever existed between plaintiff and defendant. And he further denies that he ever attempted to dispose of any part of the said crop for the purpose of hindering or delaying his creditors, or in any other manner that he was not authorized or had a right to do.'' The justice, regarding this plea in the nature of an appearance to the merits, declined to try the issues on the plea in abatement to the grounds of attachment, and proceeded to render judgment against the defendant on the merits. From this judgment the defendant appealed to the circuit court.

In the circuit court, when the cause came on for trial, the plaintiff filed an amended statement, in which it was alleged that the said interest of plaintiff, at the time aforesaid, was leased to defendant under a contract with defendant, whereby defendant agreed to pay plaintiff the reasonable rental value thereof, which was averred to be seventy-five dollars; that defendant so occupied the said premises, raising a crop thereon. Thereupon the defendant offered to file a plea in abatement to the grounds of attachment, and also asked leave to withdraw the original plea. To this the plaintiff objected, for the reason '' that said plea had been passed upon by the justice before whom the cause was tried, and said attachment held valid, and for the further reason that said plea in abatement raised an entirely different issue from that tried and appealed from, and is not the same cause of action tried before said justice, and that said plea had been waived.'' The court sustained the objection, and

refused to allow the defendant to so file his plea in abatement. The defendant then demanded a trial upon the plea in abatement filed by him to the affidavit appended to the original statement. This was also refused by the court, on the ground that the original plea contained a waiver of the grounds of attachment by taking issue on the merits. The parties were thus compelled to go to trial on the merits against the objection of defendant. The court found the issues on the merits for the plaintiff. Defendant prosecutes this appeal.

I. Plaintiff contends that defendant is precluded from having the action of the justice of the peace touching the plea in abatement reviewed in the circuit court, for the reason that the defendant did not appeal from the judgment of the justice sustaining the attachment. The justice made no formal entry of judgment, as the statute contemplates he should do in such cases, sustaining the attachment, but seems to have treated the plea as one to the merits, and, therefore, the attachment was sustained, and he proceeded to trial and judgment on the merits. The only remedy left defendant in such contingency is to appeal from the final judgment. He could not appeal earlier. *Duncan v. Forgey*, 25 Mo. App. 310. Section 439, Revised Statutes, applies, in so far as applicable, to proceedings by attachment in justices' courts. *Hicks v. Martin*, 25 Mo. App. 359. The defendant against whom judgment goes on the attachment in a justice's court would not, as in the circuit court, be required to file his bill of exceptions at the end of the trial of the issues on the plea in abatement. As the defendant could only appeal from the adverse ruling of the justice on his plea in abatement, after final judgment on the merits, which was the only formal judgment entered up by the justice, the appeal taken by him brought up the whole case, and the court should have proceeded to try the case *de novo*.

It may be conceded to the plaintiff that the plea filed by defendant in the justice's court went to the merits as well as the matter in abatement, and for this

reason was bad as a plea in abatement. *Cannon v. McManus*, 17 Mo. 345. The plea in this case went so directly to the matters averred in the statement of the cause of action as to make it distinguishable from the cases of *Sharkey v. Williams* (20 Mo. App. 681), and *Reese v. Augustin* (24 Mo. App. 671). But we feel constrained to hold, following the case of *Phillips v. Bliss* (32 Mo. 427), which does not appear to have ever been overruled, that the defendant should have been permitted to file the plea in abatement offered by him in the circuit court. Having regard to the fact that the statute (sect. 471, Revised Statutes) concerning proceedings by attachment in justices' courts allows a verbal plea in abatement to be interposed, and, looking to the general spirit of the code respecting errors and defects in justices' courts, and the character of such pleas under our statute, it would seem that an amended affidavit or plea can be made on an appeal in the circuit court. *Cayce v. Ragsdale*, 17 Mo. 32 *et seq.*

II. We cannot consider the imputed error, raised by appellant, on the action of the circuit court in permitting the plaintiff to file an amended statement of the cause of action. It does not appear from the appellant's abstract of the record that he objected thereto in the trial court. If any motion to strike out the amended statement was, in fact, made, the abstract presented to this court does not show the fact. Unless defendant duly interposed the objection, and saved exceptions to the action of the court, he cannot, for the first time, raise such question here.

For the error of the court in refusing to permit the defendant, after the plaintiff filed an amended statement, to file the plea in abatement offered there, its judgment is reversed and the cause remanded. Ellison, J., concurs. Hall, J., absent.