[No. 486.  January 6, 1892.]

JOHN W. RIPLEY, DEFENDANT IN ERROR, v. ASTEC MINING COMPANY, PLAINTIFF IN ERROR.

ASSUMPSIT—ATTACHMENT—PLEA TO AFFIDAVIT—FAILURE TO PLEAD TO DECLARATION—JUDGMENT BY DEFAULT.—In an action of assumpsit, by attachment, on a demand due, where the defendant answered traversing the affidavit for attachment, but failed to plead to the declaration, judgment by default was properly entered under sections 1923, 1933, and 1934, Compiled Laws, entitling plaintiff to the benefits provided in sections 2130, 538, and 2061, Compiled Laws.

ERROR, from a judgment for plaintiff by default, to the Third Judicial District Court, Grant County. Judgment affirmed.

The facts are stated in the opinion of the court.

G. D. BANTZ for plaintiff in error.

R. P. BARNES and FIELDER BROS. & HEFLIN for defendant in error.

O'BRIEN, C. J.—This is an action of assumpsit, ancillary to which a writ of attachment issued at the commencement of the suit. Defendant appeared at the return term, and filed an answer traversing the allegations of the affidavit for the writ, but failed to plead to the declaration. On such failure defendant's default was entered during the term, and judgment rendered in favor of plaintiff for the amount stated in a verified account, filed with the declaration as a bill of particulars. The defendant below brings the cause to this court on writ of error, contending that no judgment could be entered upon the merits of plaintiff's claim until the issues raised by the answer to the grounds of attachment alleged in the affidavit had been determined. This is the only question presented for our determination. The suit was commenced, it appears, under the provisions of section 1923, Compiled Laws, 1884, upon a demand due. The writ, inter alia, commanded the defendant "to answer the action of the plaintiff." Section 1933, Id. In such case, "when defendant is cited to answer the action, the like proceedings shall be had between him and the plaintiff as in ordinary actions on contracts, and a general judgment may be rendered for or against the defendant." Section 1934, Id. We are clearly of the opinion that the foregoing provisions entitle plaintiff to the benefits provided in

PLEA to affidavit: failure to plead to declaration: judgment by default.

sections 2130, 538, and 2061, Compiled Laws, and in rule 9 of district courts. Section 2130 provides that, if no answer be filed in an action before the third day of the term, final judgment shall be entered against defendant. Section 2061 provides for assessment of judgment in case of default. Section 538 repeals, "any law which requires the court to wait until the third day before a defendant shall file his answer to a plaintiff's petition or complaint."

In the state of Missouri, under statutory provisions claimed to be somewhat similar to those contained in the compilation of this territory, plaintiff in error strenuously contends that the supreme court holds that defendant is not bound to plead to the declaration if the sufficiency of the grounds set out in the affidavit for the writ be contested, until the determination of such issues, and cites the following in support of such contention: Cannon v. McManus, 17 Mo. 345; Fordyce v. Hathorn, 57 Id. 120; Hatry v. Shuman, 13 Id. 547; Ellis v. Lawrence, 42 Id. 153; Green v. Craig, 47 Id. 90; McDonald v. Fist, 60 Id. 172; Burgoin v. Wheaton, 30 Id. 215. There may be some doubt whether the authorities cited go to the extent claimed by defendant. It is clear that the court does hold, in those cases, that, unless the defendant assails the affidavit for the writ before pleading to the merits of the declaration, he thereby waives all objections to the sufficiency of the affidavit; but it is very doubtful if it goes to the extent of holding that the defendant is absolutely relieved from pleading to the merits of the action until the determination of the issues made upon the grounds of the attachment. Be that as it may, the question is one of practice, and we prefer to decide it in accordance with our view of the legislative intent, as gathered from our own statutes, as well as in furtherance of the orderly and expeditious disposal of judicial proceedings

in the interest of honest litigants. Still, in the view taken, we are not unsupported by reputable authority. In Illinois, where the common law procedure, modified by statute, obtains, as well as in this territory, the supreme court has uniformly adhered to the construction which we give the law. There, as here, the attachment proceedings are a statutory adjunct or incident of the main action. The writ issues on filing an approved bond and an affidavit containing the statutory requirements. With us, whether the defendant can defeat the action on the merits or not, he may have his property released from the lien of the writ, by filing his answer, without oath, denying the truth of any material allegation contained in the affidavit to which the plaintiff may reply, "and thereupon a trial of the truth of the affidavit shall be had in the manner now provided by law. If, upon such trial, the issue is found in favor of the defendant, the attachment shall be dissolved, but such dissolution shall not abate the suit, and the defendant shall be held to be in court, so that he may be ruled to plead to the plaintiff's declaration when the same is filed, in the manner and within the time hereinbefore provided." Section 1925, Compiled Laws, 1884. It must be remembered that this section has exclusive reference only to causes commenced by attachment on a demand, or demands not yet due. This suit was commenced on a demand due under the provisions of section 1950, Id., and the declaration was filed when the writ issued; hence defendant's remedy to secure a dissolution of the writ, for matters dehors the record, is regulated by the provisions of section 1960, which expressly provides that a dismissal of the writ shall not abate the suit, but that the same shall proceed as in ordinary cases. We have carefully examined all the sections of the statute regulating proceedings by attachment, but have been unable to find any modifying,

suspending, or repealing the rule found in sections
2130, 538, and 2061, before cited.

It follows from the views herein expressed that the
learned judge who heard the cause below was correct
in defaulting defendant on his failing to appear and
plead to the declaration, or in entering judgment nil
dicit on failing to plead when so ruled, although the
issues raised by the answer to the grounds of attach-
ment were pending and undetermined.   Why pleading
to the merits of a common law declaration should affect
the status of a purely statutory proceeding adopted
merely to aid the suitor in securing the means to satisfy
a prospective judgment, or why the pendency of attach-
ment proceedings should relieve defendant from plead-
ing to the declaration of his adversary within the time
prescribed by law and rule of court, is not apparent,
and, in the absence of a statute so providing, can not
receive our sanction.   The doctrine holding that plead-
ing to the merits is a waiver of a plea in abatement,
etc., has no application to a cause of this kind.   The
several defenses are not tendered to the same pleading.
The affidavit for the writ is in no proper or technical
sense a pleading at all.   The fact that the statute
authorizes an answer thereto, controverting the truth
of its statements, does not make it so; and, even if it
did, the answer to the affidavit has no connection with
the cause of action upon which the plaintiff seeks a
recovery as to have any ruling made upon its sufficiency
or insufficiency affect in the least the truth or falsity,
the sufficiency or insufficiency, of the statements con-
tained in the declaration.   Why, then, in the absence
of any statutory requirement, should pleading to the
one interfere with, retard, or injuriously affect pleading
to the other?   We see no reason for so holding, and we
can not approve it.   In a well considered case in the
supreme court of the state of Illinois—Hawkins v. Al-
bright et al., 70 Ill. 87—it is held that, "as the defenses

which may exist to the right to attach property have no necessary connection with the defenses to the cause of action, the right to plead in abatement is not upon the condition of abandoning all other defenses, but, on the contrary, all other legitimate defenses to the merits may be interposed at the same time." The answer to the statutory averments contained in the affidavit is not authorized for the purpose of testing plaintiff's right of recovery in the action, but merely for the purpose of imposing upon the plaintiff the burden of showing that he had a statutory right of holding defendant's property as security for any judgment that he might ultimately obtain in the action. In so holding we are to a great extent supported by a decision of this court,— Staab v. Hersch, 3 N. M. 209. The judgment of the court below is affirmed.

SEEDS, FREEMAN, and LEE, JJ., concur.

McFIE, J., having heard the cause below, took no part in this decision.