AUG. TERM,<br>1842.<br><br>Fugate<br>v.<br>Glasscock.

---

## FUGATE v. GLASSCOCK.

1. A plea in bar waives all matters in abatement, and a defendant cannot set them up after having answered to the merits of the action : therefore, where the plaintiff's demurer to the defendant's plea in abatement was sustained, and the defendant then plead in bar, it was held that the defendant waived the matter in abatement.
2. A memorandum made by the clerk at the foot of a judgment, that it should bear ten per cent. interest, forms no part of the judgment, and if the clerk has erred in making the memorandum, the error may be rectified on motion in the circuit court.

Error to the Audrian Circuit Court.

*Opinion of the Court, delivered by Scott, Judge.*[*]

Glasscock brought an action of assumpsit against Fugate, and afterwards, in aid of his suit, sued out an attachment. The fact set forth in the affidavit on which the attachment issued was, that the plaintiff had good reason to believe, and did believe, that the defendant was about to dispose of his property, so as to hinder his creditors in the collection of their debts.

Fugate, by plea, denied that he was about to dispose of his property so as to hinder his creditors in the collection of

---

[*]Napton, Judge, absent from the bench.

AUG. TERM.
1842.

Fugate
v.
Glasscock.

their debts. On this plea issue was joined, and a jury sworn to try it. After the jury was empannelled, a motion was made by the plaintiff to discharge the jury, and for leave to withdraw his replication to the defendant's plea. This motion prevailed, the jury were discharged, and the replication to the plea withdrawn, and thereupon the plaintiff demurred to the plea of the defendant, and the demurrer was sustained. The defendant then filed several pleas in bar to the plaintiff's action. On a trial, a verdict and judgment were rendered for the plaintiff, and the defendant sued out this writ of error.

The cause for demurrer to the plaintiff's plea was, that it only put in issue the fact whether the defendant was about to dispose of his property so as to hinder his creditors in the collection of their debts, instead of the fact that the plaintiff *had good reason to believe, and did believe*, that he was about to dispose of his property, &c.

This question was argued at the last term of this court in the St. Louis district, and a majority of the court held that a plea such as was filed in this suit was good. From the view we have taken of this cause, we do not deem a decision on this question necessary, nor are we required to determine the propriety of the action of the court below in discharging the jury, and permitting the replication to be withdrawn and a demurrer to the plea to be filed. We cannot, however, well see why, if the court has a power to award a repleader, when an immaterial issue has been found, it may not at once arrest its proceedings, and dispose of an issue which it is ascertained will not determine the controversy between the parties. We hold, that when the defendant pleaded over in bar to the action, he waived his matter of abatement. If he thought proper to do so, he might have stood upon the sufficiency of his plea, and after letting judgment by default go against him, might have brought up the question to this court. No principle is better settled than that a party by pleading in bar, waives all dilatory pleas. The object of the defendant's plea is not to determine the merits of the controversy between the parties, but to turn him out of court, and compel him to begin anew. A suitor has obtained a

A plea in bar waives all matters in abatement, and a defendant cannot set them up after having answered to the merits of the action: Therefore where the plaintiff's demurrer to the defendant's plea in abatement was sustained, and the

judgment after a trial on the merits, he has adopted the proper form of action, shall judgment be reversed for a matter not affecting the party's right to recover, and when from the record this court sees that the identical judgment must be rendered on another trial. Why should the defendant be permitted to compel the plaintiff to go into a trial on the merits, when, if the event proves unfavorable, he will be bound or not as .he pleases, and when he has been defeated in a trial on the merits, to go back and reverse the plaintiff's judgment, on a matter which he impliedly waived, by pleading over to the action after the demurrer to his plea was sustained. Why compel the plaintiff to try his cause on the merits, when it is to avail him nothing?

If the defendant is wronged by denying him the benefit of his plea, that wrong may be remedied without putting the plaintiff to the expense and delay of a trial on the merits.

As to the refusal of the court, to grant a new trial because the verdict is against evidence, we cannot see any thing in the record to warrant us in disturbing it. If the circuit judges are in contemplation of law, competent to discharge the duties assigned them, why, when they have presided at the trial of a cause, witnessed its progress, observed the demeanor of the witnesses, and thereby ascertained the credit due their testimony, and shall advise us, by its refusal to grant a new trial, that the verdict is just, shall this court with opportunities so far inferior to those possessed by the judges of the circuit court, take upon itself to say, that those judges have erred, and reverse their judgments. It must be a glaring case to induce this court to interfere against the opinion of the circuit court, It neither comports with the due administration of justice, nor the respect due the circuit court, to control the exercise of their discretion on all matters.

It is also assigned for error, that the circuit court erred in awarding, as a part of its judgment, that the damages recovered should bear ten per cent. interest. It seems, after the judgment was entered in the usual form, a memorandum was made at its foot, that it should bear ten per cent. interest. If this were deemed an error in the judgment of the court below, it might be corrected here without remanding

AUG. TERM,
1842.

Fugate
v.
Glasscock.

defendant then plead in bar, it was held that the defendant waived the matter in abatement.

A memorandum made by the clerk at the foot of a judgment, that it should bear ten per cent. interest, forms no part of the judgment, and if the clerk

the cause. But the memorandum of the clerk at the foot of the judgment, is not considered as a part of the judgment itself. If the clerk has erred in making the memorandum, and it is admitted he has, the error may be rectified on motion in the circuit court.

Judgment affirmed.

*has erred in making the memorandum, the error may be rectified on motion in the circuit court.*

---

*Napton, Judge, absent from the bench.