·Hatry vs. Shuman·

JOSEPH HATRY vs. EDWARD SHUMAN.

The plea authorized by the 25th section of the act concerning attachments, by which the defendant puts in issue the truth of the facts alleged in the plaintiff's affidavit, *is a plea in abatement.* If after filing such plea, the defendant files a plea to the merits of the action it is a waiver of the plea in abatement.

APPEAL from St. Louis Court of Common Pleas.

STATEMENT OF THE CASE.

Edward Shuman brought suit by petition in debt in the St. Louis court of common pleas, against Joseph Hatry, and sued out an attachment thereon. At the return term, and within the two first three days of the term the defendant filed a plea in abatement, and also, but afterwards, and on the same day filed a plea to the merits.

The plaintiff moved to strike out the plea in abatement for the reason that the defendant had pleaded to the merits of the action. While said motion was pending the defendant asked leave to withdraw from the files, his plea to the merits, but the court refused to grant him such leave, and sustaining the plaintiff's motion, struck out the plea in abatement, and afterwards rendered judgment against the defendant for the amount of the plaintiff's demand. The defendant now appeals from the judgment of the court refusing him leave to withdraw his plea to the merits, and striking out his plea in abatement.

HAREN & BAY, for appellant.

1. The court erred in striking out the plea in the nature of a plea in abatement. The statute gives the defendant, the right to contest in his own manner, the truth of the plaintiff's affidavit, and the court had no discretion in allowing or refusing the plea. Revised Statutes of 1845, title "Attachment," p. 139, 140.

2. The filing of the plea to the merits was merely to prevent a judgment by default in case the issue on the plea in the nature of the plea in abatement was decided against the defendant. The

Hatry vs. Shuman.

8th section of the 3rd article of the act concerning "Practice at law" R. S., p. 810, requires that "every plea to the merits of the action, shall be filed on or before the sixth day of the term."

3. Even if the court had a discretion in striking out the plea, it was improperly exercised, and did great injustice to the defendant, for the plea to the merits, pending the plea in abatement, was at mo.. a mere irregul.rity. Leave to withdraw a plea to the merits is generally granted as a matter of course. At least, the court should have permitted the defendant to elect by which plea he would abide. 1 Johnson's cases 105, Le Conte vs. Pendleton; 1 Dunlap's Practice, 471.

BL NNERHASSETT & SIMMONS, for appellee.

1st. The statutory plea to the affidavit in an attachment suit, is, in its legal construction, a plea in abatement of the attachment writ, for matter debars the record, and like any other debateable plea is waived by a subsequent plea to the merits of the action. 3rd Stewart's Rep. Cleveland vs. Chandler, 489; 10 Mo. Rep. 274.

2nd. There is no force in the second point made by the appellant. If his plea to the affidavit had failed on trial he could still have plead to the merits of his cause. It is the invariable practice. in the st. Louis courts to grant this privilege in all similar cases, and the appellant would also have been entitled to it upon general principles.

3. The court of common pleas committed no error in refusing the appellant leave to withdraw his plea to the merits of the action. The evident object of the appellant, was to let in his plea in abatement, which the court very properly at the time, would not permit. Vide Caine's cases vol. 3, p. 102. The motion for that purpose was merely a verbal one, and no reason was assigned in support of it. It was not made until a month after the plea was filed, and then at the time when the motion to strike out the plea to the affidavit was called for a hearing.

RYLAND, Judge, delivered the opinion of the court.

From the above statement the only point for the consideration of this court, arises from the action of the court below in striking out the defendants plea putting in issue the truth of the affidavit, on which the attachment issued in this case.

This plea is said, by the statute permitting the defendant in attachment to file it, *to be a plea in the nature of a plea in abatement.* Such a plea has been heretofore considered by this court to be "a plea in abatement." See Livengood vs. Shaw, 10 Mo. R. 276. I am of the opinion that this is the correct and proper construction, and that such a plea is simply a plea in abatement. It is governed by the same rules and liable to the same consequences as it partakes of the nature of a plea in abatement.

The defendant in the court below filed on the same day his plea to the merits of the action, after he had first filed his plea in abatement. The plaintiff subsequently moved the court to strike out the plea in abatement, because the defendant had after filing it, plead to the merits of the action. The court sustained this motion, struck out the plea in abatement. The trial was afterwards had upon the merits, and the plaintiff obtained judgment.

During the pendency of the motion of the plaintiff to strike out the defendants plea in abatement, the defendant moved the court for leave to withdraw his plea to the merits, this was refused. The defendant excepted to the opinion of the court in refusing him leave to withdraw his plea to the merits, also excepted to the opinion of the court in striking out the plea in abatement.

The filing of a plea to the merits after one in abatement had been filed, was, in my opinion, properly considered by the court below a waiver of the plea in abatement, and the court decided correctly in striking out the plea.

I find no fault with the court below in refusing the defendant leave to withdraw his plea to the merits.

Delatory pleas—pleas in abatement, have never met with much favor in courts of justice—nor do I feel inclined to reverse this feeling.

From the whole view of the case then, I am inclined to think the court below decided properly and that its judgment should be affirmed.

Its judgment is accordingly affirmed.