BOURGOIN, Respondent, v. WHEATON *et al.*, Appellants.

1. Where in an attachment suit the defendant files a plea in the nature of a plea in abatement putting in issue the truth of the facts alleged in the plaintiff's affidavit, and the issue raised by this plea is found for the plaintiff, the defendant should be allowed time, if he ask it, without terms, to file an answer in bar of the action.

*Appeal from St. Louis Court of Common Pleas.*

*A. M. & S. H. Gardner*, for appellants.

I. The defendants should have been permitted to file an answer after the verdict on the plea in abatement. This was the earliest opportunity defendants had of filing an answer. Had they filed it sooner it would have been a waiver of the plea in abatement. They should have been allowed the usual time. They had interposed no unusual plea, nor caused any unnecessary delay. It was impossible to comply with the terms imposed.

SCOTT, Judge, delivered the opinion of the court.

This was a suit commenced by attachment. The truth of the fact on which the attachment was founded was put in issue by a plea in the nature of an abatement. This issue was found for the plaintiff. Thereupon the defendants asked leave of the court to file a plea to the merits, which the court refused except said defendants would first file an affidavit of merits instanter. The defendants then asked for time to prepare the said affidavit, which the court refused, and thereupon entered final judgment against them.

It has been repeatedly held by this court that a defendant, by pleading to the merits in a suit by attachment, waives the benefit of any plea in the nature of an abatement he may have previously filed; that the two pleas can not be filed at the same time without producing the same result. (Fugate v. Glascock, 7 Mo. 577; Hatry v. Shuman, 13 Mo. 547; Cannon v. McManus, 17 Mo. 345.) As the effect of filing

a plea to the merits would have been a waiver of the matter in abatement, the defendants certainly should have been allowed time to file a plea in bar of the action after the dilatory plea was disposed of. The law imposes no terms on the exercise of this right, and the court had no authority to exact them.

The judgment is reversed and the cause remanded. The other judges concur.