ALEXANDER RILEY, Respondent, v. THE RENICK
MILLING COMPANY, Garnishee of JAMES R.
FENEY, Appellant.

St. Louis Court of Appeals, April 21, 1891.

1. **Landlord and Tenant: LIEN: WAIVER BY MODE OF ACTION.** When the law creates a lien in favor of a specific kind of indebtedness, and a claim for such indebtedness is inseparably commingled with a claim for indebtedness not entitled to the lien, the entire demand is reduced to the lower level and the lien is lost. *Held,* accordingly, that the lien created by the statute (R. S. 1889, sec. 6376) in favor of a landlord's claim for rent cannot be enforced in an action for the recovery of one entire demand, both for the rent of the leased premises and for the board of the tenant by the landlord.

2. ———: ATTACHMENT FOR RENT: DEMANDS REACHED BY GARNISHMENT. When process of garnishment is had under a writ of attachment issued under Revised Statutes, 1889, section 6384, for the enforcement of a landlord's claim for rent, the rights of the attaching landlord are derivative from the tenant; contract rights, resulting from an agreement made between the landlord and the garnishee, cannot be enforced in such a proceeding, but must be enforced by a direct action between these parties.

3. **Practice, Appellate:** GARNISHMENT. In this cause, a judgment against a garnishee by the trial court being merely reversed, and the garnishee having failed to apply in due time for his allowance in this court, the judgment of reversal was modified so as also to remand the cause, but only for the purpose of enabling the garnishee to obtain, in the trial court, an allowance for his defense in that court.

*Appeal from the Monroe Circuit Court.*—HON. THOMAS H. BACON, Judge.

REVERSED.

*R. N. Bodine,* for appellant.

*Temple B. Robinson,* for respondent.

THOMPSON, J.—It is hard to make anything intelligible out of this record. The action is upon a promissory note for $450, which, the petition states, was given for the rent of the plaintiff's farm for the year ending March 1, 1890. There was an auxiliary attachment. In the affidavit for the attachment the plaintiff alleged that he was entitled, after allowing all just credits and set-offs, to a judgment in the sum of $346.75. The affidavit goes on to state that that sum is due for the rent of the plaintiff's farm (describing it) for the year ending March 1, 1890; that the said sum is now due and unpaid, though demand thereof has been made of defendant by the plaintiff; and that affiant believes that, unless an attachment issue, the plaintiff will lose his rent. Under this attachment a garnishment was issued and duly served on the Renick Milling Company, a corporation. The garnishee appeared and answered that, prior to the service of the garnishment on it, namely, on the first day of May, 1889, the garnishee bought of the defendant Feney a lot of wheat, which was delivered by him to the garnishee on the thirteenth day of September, 1889, which was also prior to the service of garnishment; that the amount of the wheat so delivered to

the garnishee was three hundred. and five and a half bushels; that, after the purchase of said wheat by the garnishee from the defendant Feney, and prior to the delivery of the same, the garnishee paid thereon to Feney the sum of $173.90 ; that, at the time of the purchase of the wheat and the payment of said amount of $173.90 thereon, the garnishee had no knowledge of the fact, that said wheat was part of the crop, grown on the farm of the plaintiff in Monroe county, Missouri, in the year 1889 by the defendant Feney, under a lease or renting of the farm of the plaintiff for that year ; that the garnishee did not have any knowledge or information as to who owned the land on which the wheat was grown, or that the defendant Feney occupied said land as tenant ; that, at the time said wheat was delivered to the garnishee, the plaintiff was present and made some claim to the wheat, and it was then and there arranged and agreed, by and between plaintiff and the defendant Feney and the garnishee, that the wheat, to the amount above set out, should be by the defendant Feney delivered to the garnishee under the contract of purchase made May 1, 1889, and that, out of the price thereof, the garnishee was to deduct the amount paid thereon prior to that time, and to pay the balance to the plaintiff which balance was to be taken by the plaintiff as a full settlement of his claim against the wheat so delivered ; that, under this agreement, the plaintiff and defendant Feney delivered the wheat to the garnishee with the full understanding that the plaintiff had not, and did not claim, any other or further interest in the wheat or the proceeds of the sale thereof ; that, at the date of the delivery of the wheat and at the time of the service of the garnishment, the three hundred and five and a half bushels of wheat, so delivered by plaintiff and the defendant Feney to the garnishee, were of the value of $198.30 ; that the amount thereof, which would be going to the plaintiff under the agreement between him and the defendant Feney and the garnishee, was

$24.40 ; that at the time of the delivery of the wheat, as above set out, the garnishee was informed that the plaintiff claimed some interest in the wheat for the rental of the farm, but that the above and foregoing agreement was made as full settlement of that interest and was so made and accepted by the plaintiff, and so understood by the garnishee. The other parts of the answer consisted of a denial that, at the time of the service of the garnishment, the garnishee had in his hands any money or property belonging to the defendant, or was in any way indebted to the defendant.

The plaintiff filed a reply to this answer, in which he stated that he had no knowledge or information sufficient to form a belief as to whether the garnishee, on the first day of May, 1889, bought of the said James R. Feney three hundred and five and one-half bushels of wheat, or whether the garnishee, prior to the delivery of the wheat by Feney, paid to Feney thereon the sum of $173.90, or any other sum ; or whether, prior to such alleged payment, the garnishee had no knowledge that said wheat was part of the crop grown on the farm of the plaintiff in Monroe county, Missouri, in the year 1889, by Feney, under a lease of the farm for that year. The plaintiff also denied that, at the time of the delivery of the wheat to the garnishee, or at any other time, it was arranged and agreed by and between the plaintiff and Feney and the garnishee that the wheat should be by Feney delivered to the garnishee under the alleged contract of purchase made May 1, 1889, and that out of the price of the same the garnishee should deduct the amount alleged to have been paid thereon by the garnishee prior to that date, and that the balance should be taken by plaintiff as a full settlement of his claim against the wheat. And the plaintiff further denied that the wheat was delivered by the plaintiff and Feney under this alleged understanding and agreement, or under any other contract or agreement, whereby the plaintiff waived or released his lien as landlord on

said wheat, or any part thereof, to the full amount of the unpaid rent owing him by Feney for the year 1889. The plaintiff then averred that, prior to the delivery of any part of the wheat to the garnishee, namely, on the twenty-fourth day of August, 1889, the plaintiff notified the garnishee that the wheat, which Feney had offered to sell to the garnishee, was grown on the farm of the plaintiff in Monroe county, by Feney, under a lease of said farm for the year 1889 ; that the rent for the farm was yet unpaid ; that the plaintiff had a lien as landlord on the wheat for such unpaid rent ; and that the plaintiff would not permit said wheat to be removed from his farm, except as subject to his lien as landlord for said rent. The plaintiff also averred that, after said notice, and with full knowledge of the facts stated therein, the garnishee secured the wheat, and still holds it, and that the balance due by Feney on the rent for the year 1889 is more than the full value of the wheat.

Upon the issues thus made up the parties went to trial before a jury, who returned the following verdict : " We, the jury, find the defendant is indebted to James R. Feney in the sum of $201.03, which amount we find for the plaintiff against the defendant as garnishee of James R. Feney." Upon this verdict the court entered judgment, from which the garnishee appeals to this court.

In the meantime a trial of the issue in chief between the plaintiff and the defendant took place before the court without a jury, and resulted in a recovery by the plaintiff of a judgment for the sum of $193.18, which, as the judgment entry recites, "was for the rent of the plaintiff's farm in Monroe county, Missouri, for the year ending March 1, 1890." The judgment entry also recites, "that plaintiff was justly and legally entitled to the writ of attachment therefor, issued in this cause." Although the judgment recovered by the plaintiff against the principal defendant is only for

the sum of $193.18, the judgment which he recovers against the garnishee is for the greater sum of $201.03, and he also recovers costs against the garnishee.

The assignments of error are that certain of the instructions given by the court of its own motion were erroneous ; that the court erred in admitting parol evidence to vary the effect of a certain written receipt, given by the garnishee to the plaintiff on September 14, 1889, and expressive of a contract between the garnishee and the plaintiff; and that the verdict is without any evidence to support it.

We shall lay the second of these assignments out of view, with the observation, that no exceptions were saved to the admission of the parol evidence there referred to, and that no such assignment of error was laid in the motion for a new trial.

We do not think it necessary to spread out and discuss the instructions in detail. It is perceived from the foregoing statement that the plaintiff's ground of recovery against the garnishee was predicated upon the assumption, that he had a landlord's lien upon the wheat, which went into the hands of the garnishee. The third and principal instruction, given by the court of its own motion assumes this, as its principal hypothesis, in the following language: "If, from the evidence, the jury find that James R. Feney rented from plaintiff the farm of plaintiff for the year ending March 1, 1890, for $450 rent, payable on said day," etc. The evidence, given by the plaintiff himself, shows that such was not the fact. His testimony at the very outset was as follows: "Q. State whether or not you rented a farm to James R. Feney, and, if so, for what time and on what terms? A. I did; I rented him my farm for a year, and he agreed to give me $450 for it, and I was to board him and a hand for six months. It all went in for $450." This shows that there was no agreement for any specific sum *for rent*, but that there was a lumping agreement for $450 for the rent of the

plaintiff's farm for the year ending March 1, 1890, and also for boarding the defendant and his farm hand for the period of six months. The record has been examined with care. The evidence in no other part of the record tends in any way to vary this statement of the plaintiff, and, therefore, it cannot be set down to inadvertence.

This statement shows that the plaintiff has no landlord's lien under the statute. It is a general principle of the law that, where the law gives a lien, or a special privilege, or a special remedy, to a debt of a given kind, and that debt is mingled with another debt to which the law attaches no such lien, privilege or remedy, and the two have been mingled in such a manner that they cannot be separated by reference to any agreement between the parties, or by means of the evidence in the case, the whole is reduced to the lower level, and the lien, privilege or special remedy is gone. An analogous principle is constantly applied under the statute relating to mechanics' liens; so that where the lien claimant mingles in the account filed in support of his lien items which are non-lienable, with items which are lienable, in lumping charges, in such a manner that they cannot be separated by an inspection of the account, his lien is entirely gone. The statute ( R. S. 1889, sec. 6376 ) gives the landlord a lien on the crop grown *for rent*, and for nothing else. The attachment given by another section of the statute,—the section under which the attachment in this case was sued out ( R. S. 1889, sec. 6384),—gives an attachment under certain conditions *for rent*, and for nothing else. The recital of the principal judgment, above given, that the plaintiff was entitled to an attachment, concludes that question as between the plaintiff and the principal defendant; but it could not conclude, as against the garnishee, the question that the plaintiff was entitled to a lien for rent. That question is a very important one to the rights of the garnishee; for, if the wheat went into the hands of

the garnishee with notice of the right of the plaintiff and charged with his lien for rent, then it must be concluded that the lien of plaintiff took precedence of the right which the garnishee had for advances which it had made to defendant Feney ; although, for reasons hereinafter stated, such priority could not be adjusted in a garnishment proceeding. That those advances were made in the month of May, and long prior to the service of the garnishment, the evidence shows without contradiction. It shows equally without contradiction the amount of such advances, and shows that, after deducting them, there was due from the garnishee to the principal defendant the sum of $24.40, and no more.

The question of a landlord's lien out of the way, the case stands on the footing of an ordinary attachment for rent, in which a third party is summoned as garnishee. In such cases the rights of the plaintiff are derivative. He can recover of the garnishee no more than the amount in which the garnishee was indebted to the defendant at the time of the service of the garnishment. We have already stated that the evidence shows, without contradiction, that this sum was $24.40. But the plaintiff is not entitled to recover this of the milling company by garnishment at all ; because the milling company, having agreed to pay it to the plaintiff, owes it *to him*, and not to the defendant. The opposing positions of the plaintiff and the garnishee, in respect of this arrangement, are detailed by the pleadings as above set out. That of the plaintiff substantially was that, prior to the delivery by the defendant of the wheat to the garnishee, plaintiff notified the garnishee of his landlord's lien upon the wheat, and insisted that it should not be delivered to the garnishee unless the garnishee would receive it subject to the plaintiff's right of lien, to which, according to the plaintiff's testimony, the garnishee assented. That of the garnishee is, that it was merely agreed between the plaintiff, the defendant and the garnishee, prior to the time when the wheat was

delivered to the garnishee, that the garnishee should receive it, and after deducting the advance already made by the garnishee to the defendant, should pay the balance to the plaintiff, which balance, as already stated, is shown by the uncontradicted evidence to have been $24.40.

It thus appears, that, by an agreement between the plaintiff, the defendant and the garnishee, the terms were established upon which the wheat should be delivered to the garnishee. Whether the plaintiff's or the garnishee's version of this agreement be the correct one, the fact that there was an agreement is established. This agreement, without reference to its terms, had the substantial effect of a novation. It brought the plaintiff into privity of contract with the garnishee; so that whatever rights the plaintiff has against the garnishee rest upon this express agreement, and can only be enforced by direct action, and are not enforceable by the process of garnishment under an attachment. The court took this view, and, at the request of the defendant, gave the following instruction: "If the jury believe from the evidence that James R. Feney was indebted to the plaintiff, and that there was an account between defendant and the said Feney, in which the amount due or to become due to Feney from defendant was unascertained, and that it was mutually agreed between plaintiff and defendant and the said Feney, that whatever amount might be ascertained to be due from defendant to said Feney in settlement should be paid to plaintiff instead of Feney, then the jury are instructed to find for the defendant." The jury might equally have been instructed, that if the garnishee received the wheat under an agreement with the plaintiff and the defendant to dispose of the wheat in such a manner as to first pay the plaintiff what was due him from the defendant, the plaintiff could not recover in this action; because, as already stated, its remedy would not be by garnishment to attach what was due from the garnishee to Feney,

but his remedy would be by a direct action to enforce the obligation created by the special contract.

Upon the whole, we are unable to see that the plaintiff is entitled to recover of the garnishee, upon the uncontradicted facts disclosed by this record, anything in this proceeding by garnishment. As the pleadings and evidence of both the plaintiff and the garnishee show, as a matter of law, that the plaintiff has no right to proceed against the milling company by garnishment, the judgment against the garnishee will be reversed, and the plaintiff will be remitted to his direct action against the milling company for what is due him under the contract of August 24, 1889, if he is so advised. It is so ordered. All the judges concur.

#### OPINION ON MOTION TO MODIFY JUDGMENT.

ROMBAUER, P. J.—We are asked to modify the judgment in this case so as to remand the cause for the purpose, and no other, of enabling the appellant to obtain an allowance for answering and defending in the trial court as garnishee. The appellant has lost its claim for allowances in this court, by not making a timely motion to that effect; but that is no reason why it should be deprived of such allowances in the trial court likewise, since it could not have asserted any claim in that court theretofore. The motion will, therefore, be sustained, and the cause remanded to the trial court *for the purpose, and no other*, of enabling the appellant garnishee to obtain an allowance for all expenses incurred in that court in defending against the garnishment.

All the judges concur.