A. L. HOUGHLAND, Respondent, v. J. W. DENT *et al.*, Appellants.

Kansas City Court of Appeals, January 2, 1893.

1. **Landlord and Tenant**: ATTACHMENT FOR RENT: PLEADING: ABATEMENT OR BAR. A plea in abatement to an attachment for rent among other things alleged that all the said rent had been fully paid. *Held*, the abatement was waived, and the plea was a plea in bar.

2. ——: ——: PROCEEDINGS: DEFENSES. Proceedings in attachment for rent are the same as in other attachment suits, which suits are excepted out of the rule permitting the setting up by answer as many defenses and counterclaims as one may have.

3. **Practice, Appellate**: ERROR FAVORABLE TO APPELLANT. Appellant cannot complain of errors more favorable to him than to the respondent.

4. **Instructions**: ASSUMING UNCONTROVERTED FACT. It is not error for an instruction to assume a fact which is not controverted nor issuable.

5. ——: PRESENTING NEW ISSUE: GIVEN IN OTHERS. It is not error to refuse an instruction presenting an issue not in the case, or that is given in others.

6. **Landlord and Tenant**: ACCEPTANCE OF RENT: INSTRUCTION NOT HARMFUL. Though rent corn is delivered in a manner different from that provided in the contract, yet if accepted by the landlord it is sufficient; and in this case appellant is *held* not injured by an instruction on this subject.

*Appeal from the Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Joseph Park*, for appellants.

(1) No issue should be submitted to the jury about which there is no proof, and plaintiff's first instruction peremptorily requires the jury to find the value of the corn to be forty-five cents per bushel, when there is not a word of testimony on which to base it. *White v. Chaney*, 20 Mo. App. 389; *Raysdon v. Trumbo*, 52 Mo.

35; *Budd v. Hoffheimer*, 52 Mo. 297; *Givens v. Van Studdiford*, 4 Mo. App. 499. (2) Instruction number 4 presents a hypothesis of the case not warranted by either the pleadings or evidence bearing upon the issue, and is erroneous. *Bank v. Overall*, 16 Mo. App. 510; *Skyles v. Bollman*, 85 Mo. 35. (3) The written contract made plaintiff and defendants croppers on the shares, as to the corn (*Kamerick v. Castleman*, 23 Mo. App. 481), and the defendants were to divide the crop as stated in the lease, and the evidence shows they did. If plaintiff's evidence tended to prove anything it was for unliquidated damages for failure to divide and gather the crop. The landlord and tenant act by attachment, section 9385, Revised Statutes, makes proceedings same as general attachment law. The plaintiff's evidence tenᵈed to show a tortious conversion by the defendants, if it tended to show anything. The petition stated a cause in *assumpsit*. Defendants' demurrer to the evidence should have been sustained. *Finlay v. Bryson*, 84 Mo. 664. (4) Action by attachment cannot be sustained for wrongful conversion. *McDonald & Rew v. Forsyth*, 13 Mo. 549; *Riley v. Milling Co.*, 44 Mo. App. 519.

*Dysart & Mitchell*, for respondent.

(1) There is no error in plaintiff's instructions. Instruction number 1 was given by the court on its own motion upon defendants' statement to the jury, and during the trial of the cause, that the plea of payment was their only plea. The price of the corn was then like undisputed testimony. *Fields v. Railroad*, 80 Mo. 203; *Barr v. Armstrong*, 56 Mo. 577; *Caldwell v. Stephens*, 57 Mo. 589. The defendants in this court for the first time except to price of corn, and ought not now to be heard. (2) The object of section 6384,

Revised Statutes, 1889, was to prevent tenants from doing what defendants in this case did, viz.: To prevent tenants from removing and selling the crop grown on the premises before the rent is settled. *Klewn v. Vinyard*, 38 Mo. 447; *Chamberlain v. Heard*, 22 Mo. App. 416; *Garroutte v. White*, 92 Mo. 237; *Haseltine v. Ausherman*, 87 Mo. 410. (3) Defendants' refused instructions numbers 1 and 2 ought to have been refused, even if they were correct declarations of law, for they were not predicated upon any issue in the pleadings. *Harbison v. Sanford*, 90 Mo. 477; *Vanhooser v. Berghoff*, 90 Mo. 487; *Hardy v. Railroad*, 95 Mo. 368. No fraudulent conversion, nor trick, nor fraud, nor deception was charged in the petition or affidavit, but the charges were such as are found in section 6384, Revised Statutes, 1889. (4) And the defendants have no ground of complaint for the court's refusal to give their instruction number 3, and the court's giving of instruction number 4; for the two instructions number 3 and number 4 are almost identical in words and express the same law. *Smith v. Eno*, 15 Mo. App. 576; *Martin v. Smylee*, 55 Mo. 577; *Whetston v. Shaw*, 70 Mo. 575; *Nugent v. Curran*, 77 Mo. 323. (5) The defendants in their plea in abatement plead payment. They waived their plea in abatement by pleading to the merits. *Harty v. Sherman*, 13 Mo. 548; *Green v. Craig*, 47 Mo. 92; *Haseltine v. Ausherman*, 29 Mo. App. 451. Defendants' evidence accords with their plea. They admit the ground of attachment if any rent was due.

SMITH, P. J.—This was an action brought before a justice of the peace by the plaintiff against the defendants, by attachment under the landlord and tenant statute, to recover rent.

The defendants filed what was denominated by them a plea in abatement, in which there was a traverse of the allegations contained in the affidavit for the attachment supplemented with the affirmative allegation, "that all the said rent has been fully paid and settled between the plaintiff and defendants." A case is, therefore, presented where a plea in bar is set up in the plea in abatement. The effect of this was to waive the plea in abatement. *Cannon v. McManus*, 17 Mo. 345; *Burgoin v. Wheaton*, 30 Mo. 215; *Fugate v. Glasscock*, 7 Mo. 577; *Hartry v. Shuman*, 13 Mo. 547.

Proceedings on all attachments under the landlord and tenant statute are required to be the same as provided by law in cases of suits by attachment. Revised Statutes, sec. 6385. Proceedings by attachment are excepted out of the operation of the rule of practice provided by statute in other civil cases to the effect that "a defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as had been heretofore denominated legal or equitable or both." *Little v. Harrington*, 71 Mo. 390, overruling *Rippstein v. Ins. Co.*, 57 Mo. 86; *Fordyce v. Hathorn*, 57 Mo. 120. Upon the pleadings thus framed the matter pleaded in abatement was waived, and, hence, tendered no issue for trial in the case. The plea to the merits tendered the only issue left in the case, which was whether the rent alleged by the plaintiff's statement to be due "had been fully paid and settled between plaintiff and defendants."

The evidence, it is true, took a much wider range than it should have under the issues, but, since this was an error more favorable to the defendants than the plaintiff, the former have no right to complain of that. The instructions for the plaintiff and the one given by the court on its own motion for the defendants presented the law of the case in a very favorable light before the

jury for the defendants. The first instruction for plaintiff, which told the jury, among other things, that if they found for the plaintiff they should find the value of the unpaid rent at the rate of forty-five cents per bushel, did not assume any issuable fact. The price of the corn was by the plea to the merits impliedly admitted. It is not error for an instruction to assume a fact which is not controverted nor issuable. *Semple v. Crouch*, 8 Mo. App. 593.

And as to the action of the court in refusing the defendants' first and second instructions, it is sufficient to say there was no issue of fraud in the case, and, therefore, these instructions were properly refused.

And as to defendants' third instruction, no more need be said of it than that the court upon its own motion gave one in its place which is nearly word for word like it.

The defendants contend that the plaintiff received three loads of corn in excess of the three hundred and ninety-three bushels delivered to him in the crib. We do not so understand the evidence. Nor do we understand that the plaintiff's fourth instruction authorized a finding against defendants for this corn received by plaintiff though not delivered to him in the crib as required by the contract. The three loads were delivered under the contract though not in the manner required by it. The delivery of this quantity of the rent corn was made in a manner different from that provided in the contract, but, as such a delivery was accepted by the plaintiff, it was sufficient for all purposes. A consideration of the evidence in connection with the instruction convinces us that no injury resulted to the defendants by the giving of such instruction.

The action was one plainly for rent payable in corn which was due and unpaid. There was no question of

tortious conversion in the case as the defendants seem to suppose. The case is not analogous to *Finlay v. Bryson*, 84 Mo. 644, nor to *Riley v. Milling Co.*, 44 Mo. App. 519. And for reasons already sufficiently appearing it is made quite manifest that under the pleadings no such question could arise. The judgment is for the right party, and should be affirmed. All concur.

