LELAND W. GREEN, Respondent, *v.* NORVAL CRAIG, Appellant.

1. *Attachment — Plea in abatement waived by pleading to merits — Amendment in law, effect of.*—Under the statute of 1855 (R. C. 1855, p. 252, § 47) a plea in abatement was waived by answering to the merits, and the rule is not modified by the amendment contained in the present statute, which provides that the suit shall proceed and be disposed of upon its merits, notwithstanding the defendant may succeed on his plea in abatement.

2. *Damages, exemplary — Trespass, in action of, when granted.*—Exemplary or punitory damages are recoverable in an action of trespass against the person, where injury was wantonly inflicted; and in such a suit the injured party may give in evidence such facts and circumstances accompanying the wrong as may have occasioned him special inconvenience and suffering.

*Appeal from Sixth District Court.*

*Lakeman & Bacon,* for appellant.

I. The court erred in sustaining respondent's motion to strike out appellant's plea to the affidavit for attachment. The cases where such plea has been stricken out for the reasons assigned in respondent's motion, are decisions under statutes providing that the suit should be dismissed if the plea to the attachment should prevail (Sess. Acts 1839, p. 7, § 11; R. C. 1845, p. 139, § 26; R. C. 1855, p. 252, § 47; Fugate v. Glasscock, 7 Mo. 549; Hartry v. Schuman, 13 Mo. 547; Cannon v. McManus, 17 Mo. 345; Moore v. Otis, 20 Mo. 153; Phillips v. Bliss, 32 Mo. 427); and therefore, under such statutes, the plea to the attachment was an answer to the suit.

II. The General Statutes of 1865, p. 567, §§ 40, 42, in force when this suit was brought and tried, change former statutes in this: that they provide that if the plea to the attachment be sustained the attachment shall abate, but the suit shall proceed; and therefore, under this last, a plea to the attachment is not an answer to the suit, but only to the affidavit. *Cessante ratione cessat lex ipsa.* (Perry v. Harper, 42 Mo. 131.) All the attachment laws on the subject in this State term the plea to the attachment a plea in the nature of a plea in abatement, but it is not understood in what sense, under the present law, the plea to the attachment part of the writ is a plea in abatement; yet even

treating it as such, the writ is at common law divisible, and may be abated as part and remain good as to the residue, and the defendant may plead in abatement as part, and demur or plead in bar to the residue of the writ. (1 Chit. Pl. 458.) It is understood that the principle which governs all cases of this character is simply that the defendant shall not, at the same time, plead in abatement and in bar of the same part of the writ. As in this case this was not attempted, it is submitted that the court below mistook the law. Appellant was obliged to answer, or let judgment, *nil dicet*, go against him.

III. The court erred in giving respondent's second instruction, because it authorized the jury to assess punitory damages against appellant. (Hill. Rem. Torts, 453 ; Mooney v. Kennett, 19 Mo. 555; Sedgw. Dam. 538, 4th ed. ; Friedenheit v. Edmundson, 36 Mo. 226 ; McKeon v. Citizens' Railway, 42 Mo. 87 ; Franz v. Hilterbrand, 45 Mo. 121.)

*G. H. Shields*, for respondent.

I. The court properly sustained the motion to strike out the plea in abatement. It was a dilatory plea not favored by the courts, and the plea to the merits was in bar of a recovery — the two were inconsistent. (13 Mo. 547 ; 17 Mo. 345.) The statutory provision of the statute of 1870 is identical with the provision under which the above-cited decisions were rendered. The change in the law allowing the suit to proceed after the attachment abates makes no change in the mode of pleading. (Wagn. Stat. 189, §§ 41–2.)

II. The second instruction for plaintiff in regard to exemplary damages enunciates a doctrine too well settled to admit of serious question. The questions of malice, willfulness, oppression, etc., were properly submitted to the jury thereby. (45 Mo. 121 ; 36 Mo. 226 ; 27 Mo. 28 ; 31 Mo. 243 ; Sedgw. Dam. 524, 4th ed., note.) The question of malice, etc., is one of evidence alone, and not one of pleading ; and malice can be proved as any circumstance in the case. (41 Mo. 484, 490 ; 1 Hill. Torts, 205.)

CURRIER, Judge, delivered the opinion of the court.

This was an attachment suit. The defendant first filed a plea in abatement to the attachment, and afterward filed his answer to the action upon its merits. The plea in abatement was stricken out as having been waived by the subsequent pleading to the merits. The defendant excepted.

The statute of 1855 (R. C. 1855, p. 252, § 47) provided that suits by attachment should be dismissed when the issue upon the plea in abatement was found for the defendant. It is conceded that, under this statute, a plea in abatement was waived by answering upon the merits. The present statute (Wagn. Stat. 189, § 42) is identically the same as the statute of 1855, except as it provides that the suit shall proceed and be disposed of upon its merits, notwithstanding the defendant may succeed upon his plea in abatement. By the old law, an abatement of the attachment operated a dismissal of the suit. The present law averts that result and permits the suit to go on to final judgment. This is the only difference between the two statutes. It is evident that the change in the law was not designed to affect the pleadings, or to modify the rule that a plea to the merits waived the plea in abatement. The court was warranted, therefore, in striking out that plea.

The suit was brought to recover damages for an assault and battery, which, according to the allegations of the petition, was of an aggravated character. There was evidence in support of these allegations; and the court instructed the jury that they were at liberty to assess for the plaintiff such "exemplary and punitory damages" as in their opinion the circumstances of the case warranted. The jury returned a verdict for $200. I see no objection to the instruction. Exemplary damages are recoverable in an action of trespass against the person where injury was wantonly inflicted. Exemplary and punitory damages in law mean the same thing. They are damages given in the way of example, warning, and punishment. The injured party may give in evidence such facts and circumstances accompanying the wrong as may

have occasioned him special inconvenience and suffering. (Hill. Rem. Torts, 441; Franz v. Hilterbrand, 45 Mo. 121.)

The instructions given for the defendant presented his case fairly, and I think the judgment should be affirmed. The other judges concur.