R. L. McDONALD & Co., Respondents *vs.* ISRAEL FIST, JR., Appellant.

1. *Attachment—Plea in abatement—Overruling of—Answer waives exceptions to.* —Defendant, in an attachment suit by answering over waives exception to the action of court in overruling his plea in abatement.
2. *Judgment notwithstanding answer—Bill of exceptions need not contain motion for—Judgment may appear in transcript in ordinary form.*—Where judgment is given notwithstanding the answer, the action of the court may be reviewed, although the judgment is in the usual form and silent touching the answer, and although the motion for judgment is not embraced in the bill of exceptions. (The motion may have been *ore tenus.*)

*Appeal from DeKalb Circuit Court.*

*M. E. Low,* for Appellant.

*J. D. Strong with B. & V. Pike,* for Respondents.

SHERWOOD, Judge, delivered the opinion of the court.

This was a proceeding by attachment, the affidavit being based upon that section of the statute which authorizes process of that character, when articles contracted to be paid for on delivery, are not thus paid for.

The action of the court in striking out the several pleas in abatement it is not necessary to review, as any exceptions to that action were waived and abandoned by the answer subsequently filed, which, in substance, alleged that a portion of the goods sold had been paid for, in full, prior to suit brought; and that as to the residue of the goods sold, they were sold on thirty days time, which had not expired at the institution of the suit. These allegations were not denied.

The bill of exceptions shows that the court, on motion of plaintiffs, gave judgment in their favor, "notwithstanding the answer." This ruling was clearly erroneous, as the answer set up a good defense. And it is immaterial that the judgment, as it appears in the record proper, is silent as to the action of the court in the particular referred to, and appears to be in the usual form. Nor is it material that the motion of the plaintiffs which led the court to treat the answer as a nullity, is not incorporated in the bill of exceptions. This mo-

tion may have been *ore tenus;* but in any event and whatever may have been the grounds of that motion, it was evident error to entirely ignore and disregard the allegations of the answer, which, if established by testimony, would have precluded the plaintiffs from a recovery, so far as the then pending action was concerned.

Judgment reversed and cause remanded; all the judges concur.