Beattie v. Stocking.

BEATTIE v. STOCKING, *Appellant.*

**Practice in Attachment**: PLEA IN ABATEMENT.   A defendant in at-
tachment does not waive his right to plead in abatement by taking
an order for "leave to plead on the third Monday of the present
term, or answer the 22nd day of January, 1876."   Such an order
preserves to him the right to elect whether he will plead in abate-
ment or answer to the merits.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB,
Judge.

REVERSED.

*E. O. Hill* and *Allen H. Vories* for appellant.

Under the leave given, the defendant reserved the
choice of pleading by a time fixed or answering at a dif-
ferent time.   Had he answered to the merits, after filing
his plea in abatement, or first plead in abatement and then
in bar in the same plea, such answer would have waived his
matter in abatement.   *Hatry v. Shuman*, 13 Mo. 548; *Can-
non v. McManus*, 17 Mo. 345; *Green v. Craig*, 47 Mo. 92;
but he filed no answer to the merits, and never waived his
right to file the plea in abatement.

*B. & V. Pike* for respondent.

Even if it be conceded that the "leave to plead" in
this alternative order referred to the plea in abatement
afterwards filed by defendant, the right to file it was waived
by taking leave to answer.   *McDonald v. Fist*, 60 Mo.
172; *Green v. Craig*, 47 Mo. 92.

HOUGH, J.—This was a suit by attachment returnable
to the January term, 1876, of the Buchanan circuit court.
On the 3rd day of January, being the first day of the term,
the following order was entered of record:   "On motion
of defendant, leave is granted him to plead herein on the
third Monday of the present term, or answer the 22nd day

of January, 1876." On the 5th day of January, 1876, the defendant filed a plea in abatement, which was, on motion of the plaintiff, stricken out by the court, for the reason that the defendant had waived his right to plead in abatement by taking leave to answer. The defendant refusing to plead further, final judgment was rendered against him, from which he has appealed to this court. The judgment of the circuit court must be reversed. Had the defendant filed an answer, or taken leave to answer unconditionally, he would have lost his right to plead in abatement. But the very language of the order of the court preserves to him the right to elect whether he will plead in abatement or answer to the merits. The effect of the order was to fix a time at which he might plead in abatement if he chose, and a time at which, if he did not elect to plead in abatement, he might answer. Judgment reversed and cause remanded. All conc