Audenreid v. Hull.

EMMA J. AUDENREID AND A. A. HEIM, Respondents, v.
W. J. HULL, Appellant.

**St. Louis Court of Appeals, May 5, 1891.**

1. **Landlord and Tenant:** ATTACHMENT FOR RENT: AFFIDAVIT.
The affidavit in an action by attachment for the recovery of rent
may, like the affidavit in the ordinary proceeding by attachment,
state the grounds of attachment upon belief, and need not allege
them as facts of which the affiant has positive knowledge.

2. ——— : ——— : PLEADING. The filing of an answer to the merits
in an attachment suit is a waiver of the plea in abatement.

3. ——— : ——— : COSTS. If an action is instituted by attachment
prior to the maturity of the debt, and the right of attachment is
sustained, a tender by the defendant merely of the amount due,
made at the maturity of the debt, will be insufficient, but such
tender must include the accrued costs of the action.

4. ——— : ——— : JUDGMENT. Where there is personal service or
appearance by the defendant in an attachment suit, the judgment
must be general and not special. And where the defendant has
deposited with the clerk of the circuit court as a tender the
amount of plaintiff's recovery, there should be a direction for the
application of this amount towards the satisfaction of the judg-
ment.

*Appeal from the Phelps Circuit Court.*—HON. C. C.
BLAND, Judge.

REVERSED AND REMANDED (*with directions*).

*L. F. Parker* and *Matt G. Reynolds*, for appel-
lant.

*Mitchell & Jones*, for respondents.

BIGGS, J.—This is a landlord's action by attach-
ment for the recovery of rent. The attachment was sus-
tained and a judgment entered for $300, the amount of
rent admitted by defendant to be due to the plaintiffs.

On this appeal the defendant urges the following assignments of error: *First.* The court committed error in overruling the defendant's motion to quash the writ of attachment. *Second.* The amended plea in abatement was erroneously stricken out. *Third.* The judgment should have been general and not special, and the costs of the litigation ought to have been taxed against the plaintiffs.

We will notice the assignments in their order.

I. The defendant claims that the affidavit for the attachment is insufficient, in that it states the grounds for the attachment as on the belief merely of the affiant ; whereas the statute contemplates actual or positive knowledge of such facts by the person making the affidavit. We do not think that this position is tenable. The statute expressly provides that proceedings by attachment for the collection of rent shall be the same as provided for by law in ordinary attachments. R. S. 1889, sec. 6385. The general attachment law contains the form of the affidavit, which expressly provides that the grounds for the attachment may be stated on the belief of the affiant. Section 526. This seems to us to settle the question adversely to the defendant.

II. The defendant appeared to the action and filed an answer to the merits, which also contained a denial of the grounds of attachment. This pleading was not verified. Afterwards another answer was filed which was simply an answer to the merits. While this answer was on file, and without leave to withdraw it, the defendant filed his motion to quash the attachment which has been referred to heretofore in this opinion. When the motion to quash was overruled, the defendant, without obtaining the leave of the court to withdraw his answer to the merits, filed an amended plea in abatement. The court on the plaintiffs' motion struck this out, because the defendant had previously filed an answer to the merits. Of this action of the

court the defendant now complains, and it constitutes his second assignment of error.

This assignment will have to be ruled likewise against the defendant. It is the well-established law in this state that the filing of an answer to the merits in an attachment suit waives the plea in abatement. *Harty v. Shuman*, 13 Mo. 547; *Cannon v. McManus*, 17 Mo. 345; *Fordyce v. Hathorn*, 57 Mo. 120; *Green v. Craig*, 47 Mo. 90; *McDonald v. Fist*, 60 Mo. 172; *Little v. Harrington*, 71 Mo. 390. Whether it was within the discretion of the circuit court to allow the defendant to withdraw his answer and file a plea in abatement, it is not necessary for us to decide. No such leave was asked or granted. In the case of *Harty v. Shuman*, *supra*, such leave was refused defendant by the circuit court, and the ruling was sustained by the supreme court.

III. At the time this suit was instituted the rent was not due, but it became due a short time thereafter. The plaintiffs sued for $400, and the defendant in his answer admitted that he owed $300, which amount he deposited with the clerk of the court. He made no deposit, however, for costs, and as a justification for this he alleged that, when the rent became due, he tendered the amount of $300 to the plaintiffs, and that they had refused to accept it. When this answer was made, the court, on motion of the plaintiffs, rendered a special judgment against the defendant for $300 debt and costs of suit, with directions that the judgment and costs be satisfied by the sale of the attached property. The defendant now contends that the judgment for the debt should have been a general one, with directions to the clerk to satisfy it with the money in his hands; and that by reason of the previous tender, which was afterwards renewed and kept alive by the deposit with the clerk, he was entitled to have the costs of the litigation awarded against the plaintiffs.

The answer to the latter proposition is, that, at the time the first tender was made, the suit was pending, and some costs had already accrued. The original tender did not cover these costs. Neither did the subsequent tender and deposit with the clerk of the court. However, the defendant's contention is that his tender must be treated as if made before suit, because it was made at the maturity of the debt, and that the awarding of costs must be made under section 2937, instead of section 2939, of the Revised Statutes of 1889. If the plaintiffs had failed in their attachment, the defendant would be right. As it is, the plaintiffs had the right to bring the suit before the rent became due, and for this reason the defendant's tender was not sufficient to protect him against subsequent costs, because it did not include the costs which had already accrued. Hence the action of the court in rendering a judgment in the plaintiffs' favor for all the costs was proper. R. S. 1889, sec. 2939.

Concerning the first proposition the defendant is undoubtedly right. When there is personal service or appearance by the defendant in an attachment suit, the judgment must be general and not special. *Kritzer v. Smith*, 21 Mo. 296; *Jones v. Hart*, 60 Mo. 351; *Borum v. Reed*, 73 Mo. 461; *Burnett v. McCluey*, 92 Mo. 230; *Maupin v. Mining Co.*, 78 Mo. 24. The reason for the law is, that the defendant may have other property than that attached, and may prefer that it should be sold. In this particular case the action of the court in rendering a special judgment, with directions for a special execution against the attached property, was especially erroneous and inexplicable, in view of the fact that the money was then in the hands of the clerk, with which the judgment could and ought to have been immediately satisfied, without additional costs or delay.

For the error thus committed. the judgment of the circuit court will be reversed, and the cause remanded

with directions to enter a judgments for $300 to be satisfied by the clerk of the court, and that a general judgment for costs be entered against the defendant. All the judges concur.