MARGARET WALKER ET AL. V. SAMUEL P. MORSE
ET AL.

[FILED JANUARY 4, 1892.]

1. **A Motion to Quash a Bill of Exceptions,** being a technical objection, must itself be free from fault; therefore where the grounds assigned are " because the same (the bill) was not made and signed as required by law," the motion should be overruled, unless there is a total want of some material requirement —such as the signature of the judge.

2. **Motions:** MUST BE DEFINITE. It is the duty of a party who asks relief by a motion to specifically point out what he desires.

3. **Attachment:** REVIEW. The statute allows the defeated party against whom an attachment has been sustained to have the attachment proceedings reviewed on error after the final judgment in the case is rendered.

ERROR to the district court for Custer county. Tried below before HAMER, J.

*Henry M. Kidder,* and *Mason & Whedon,* for plaintiffs in error.

*Kirkpatrick & Holcomb, contra.*

MAXWELL, J.

This action was brought in the county court of Custer county by the defendants in error against the plaintiffs in error to recover the sum of $575. An attachment was issued against the property of the plaintiffs in error, who made a motion supported by affidavits to dissolve the same. This motion on the hearing was overruled and the attachment sustained, and twenty days given the plaintiffs in error to prepare a bill of exceptions. The bill was prepared and signed by the judge and filed in the district court, where, upon motion of the attorneys for the defend-

ants in error, it was stricken from the files.    Final judg-
ment was rendered February 16, 1889, and the attachment
thereupon sustained.    The certificate of the county judge
to the bill, the motion to dismiss, and his ruling thereon,
are as follows :

" STATE OF NEBRASKA, }
      CUSTER COUNTY.    }

    " I, John Reese, county judge of Custer county, Ne-
braska, do hereby certify that the foregoing is a true and
correct copy of all the evidence filed and considered in the
hearing on motion to discharge the attachment in said
cause, and I hereby allow the foregoing bill of exceptions.
    " Dated this 8th day of April, 1889.
        " [SEAL.]                    JOHN REESE,
                                    " County Judge."

    The transcript was filed April 8, 1889.    The motion is
as follows:  " The defendants move the court to strike from
the files of this cause the pretended bill of exceptions, for
the reason that the same is improperly filed in this action
and because the same was not made and signed as required
by law, and because same was made and filed in this ac-
tion after the petition in error was filed and after sum-
mons in error was issued and returned, and because the
same is not made a part of the transcript and record filed
in this case."    It will be observed that the motion on be-
half of the defendants in error is very general in its terms.
The grounds are, " That it was not made and signed as
required by law."

    In what respect there had been a failure to comply with
the law we are not informed.    This is a technical motion
made upon technical grounds, and should itself be free
from fault.    It should specifically point out the defect
complained of, and where it fails to do so it should be
overruled, unless there is a total omission of some essential
requirement of the law, such as the failure of the judge to
sign the bill.    Neither are the specific objections in the

motion well taken.   The law gives a party whose lien is divested twenty days after the order dissolving an attach- ment in which to file the transcript, etc., in the district court, and the fact that the different papers are filed on different days, so that all are filed within the time required, does not prejudice the adverse party.   In this case the attachment was sustained, but the grounds therefor could be reviewed by ordinary proceedings in error after final judgment in the case.   It is not the business of the court to search for causes to defeat an action for an alleged defect in the proceedings, but rather to sustain the same as far as possible in order than the merits of the controversy may be determined in that action.   The court, therefore, erred in striking the bill of exceptions from the files, and as that lies at the foundation of the attachment proceedings which are sought to be reversed, the judgment must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.