## CHARLES STUTZNER v. AUGUST PRINTZ.

FILED JANUARY 3, 1895. No. 5717.

1. **Attachment: PLEADING.** In an action accompanied by attachment proceedings the filing by the defendant of a motion to dissolve the attachment does not excuse him from pleading to the petition. Although such motion be pending, if he fail to plead to the petition within the time provided by law, his default may be entered and the plaintiff proceed to judgment.

2. ——: **MOTIONS: RENEWAL.** The court should not entertain a second motion where one for the same purpose has been overruled, unless leave to file is specially given; and whether such leave shall be given rests in the discretion of the trial court. *Livingston v. Coe*, 4 Neb., 379, followed.

3. ——: ——: **FILING.** A motion to discharge an attachment, to be available, must be filed before judgment in the action, but if so filed the court may rule thereon after judgment. *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520, followed.

4. ——: **ERROR PROCEEDINGS: IMPLIED AFFIRMANCE.** In an action begun in the county court, that court made an order sustaining an attachment and rendered judgment in the action for the plaintiff. The defendant prosecuted error to the district court, assigning error in both orders. The district court reversed the judgment but made no express order in relation to the order sustaining the attachment. The defendant did not except to this ruling and did not thereafter in any way call upon the district court to rule upon the order sustaining the attachment. *Held,* That this in effect amounted to an affirmance of the order of the county court sustaining the attachment, and that the district court was justified in refusing to entertain an independent motion to discharge for the same reasons as alleged in the motion in the county court.

ERROR from the district court of Sarpy county. Tried below before ESTELLE, J.

*James Hassett* and *A. E. Langdon,* for plaintiff in error.

*C. L. Hover, contra.*

Irvine, C.

Printz brought an action against Stutzner in the county court of Sarpy county to recover on a note which Printz had signed as surety for Stutzner and had paid.   Printz on the same day filed an affidavit for an attachment.  Stutzner filed a motion to dissolve the attachment, whereupon Printz moved for a continuance and the cause was continued to February 5, but on February 2 a default was entered against Stutzner and judgment rendered upon the petition. On February 5 the motion to discharge the attachment was overruled.   Stutzner prosecuted error to the district court, assigning in his petition in error errors relating both to the judgment and to the order sustaining the attachment.  The cause coming on to be heard in the district court on the petition in error, the following order was made: "This court finds that there was error in the proceedings in the court below, in that the judgment was rendered before the time set for trial.   It is, therefore, ordered by the court that the said cause be reversed, to which order of the court the defendant in error excepts and is hereby allowed forty days from the rising of the court to prepare and serve his bill of exceptions."   Thereafter a petition was filed and the defendant, without pleading to the petition, filed a motion in the district court to dissolve the attachment, setting up the same grounds as appeared in his motion in the county court.   A default was thereafter entered against Stutzner for failure to plead to the petition.   A motion to strike from the files the second motion to dissolve the attachment was overruled, but the court refused to hear, in support of such motion to dissolve, the affidavits which had been used in the county court and refiled in the district court.   It inferentially appears that the court refused to pass upon the second motion to dissolve upon its merits, and a judgment was rendered in favor of Printz, followed by an order to pay the proceeds of the sale of the attached

property to Printz. It would seem from this that a sale
of the attached property had already been had, but by what
authority does not appear in the record. From these pro-
ceedings Stutzner again prosecutes error to this court.

The first error assigned is in sustaining the motion for a
default. It is claimed that the entry of a default was
erroneous because Stutzner had filed a motion to dissolve
the attachment. The effect of this motion will be consid-
ered later. Even if the motion had been a proper one, it
would not relieve Stutzner from his default. An attach-
ment is an ancillary proceeding. While it requires the
pendency of an action to support it, still the determination
of the attachment rests upon its own facts and not upon the
facts of the action. (*Reed v. Maben*, 21 Neb., 696.) Not-
withstanding, therefore, that an action is aided by attach-
ment and that the defendant has appeared to resist the at-
tachment, he is not thereby excused from filing a pleading
to the petition, and if he fail to so plead within the time
allowed, his default may be entered against him and the
plaintiff may in due course proceed to judgment upon his
cause of action. Most of the other assignments of error
relate to the action of the court in refusing to entertain the
motion to discharge the attachment filed in the district
court. A reference to the order deciding the petition in
error in the district court shows that the judgment of the
county court was reversed solely because it was prematurely
rendered. The district court had, therefore, not ruled upon
the petition in error in so far as it related to the order of
the county court sustaining the attachment and did not re-
verse that order. The plaintiff in error was entitled after
final judgment in the action to have reviewed on error not
only the judgment itself but the order sustaining the at-
tachment. (*Walker v. Morse*, 33 Neb., 650.) The order
reversing the judgment alone for the reasons stated im-
pliedly affirmed the rest of the proceedings, and this, if done
without consideration of other assignments, may have been

error prejudicial to the plaintiff in error, but he did not
except to this order, nor did he in his motion for a new trial
in the district court or in his petition in error here assign
as error the failure or refusal of the district court to reverse
the judgment of the county court sustaining the attach-
ment.   The action of the county court in that respect re-
mains, therefore, unreversed and unattacked.   The pro-
ceeding adopted by the plaintiff in error, instead of asking
to have reviewed the action of the county court sustaining
the attachment, was to file a new motion in the district
court, after a reversal of the county court's judgment, seek-
ing a dissolution of the attachment upon the same grounds
as were urged in the county court.   In *Livingston v. Coe,*
4 Neb., 379, it was said that it is a wholesome rule of
practice to refuse to entertain a second motion, where one
for the same purpose has been overruled, unless leave to
file is specially given, but that where there has been an
omission through inadvertence or ignorance of the facts,
application should be made for leave to file a new motion
to obtain a ruling on such new matter.   But the granting
of such leave is a matter resting entirely in the discretion
of the court to which the application is addressed.   The
district court, therefore, had a right in its discretion to re-
fuse to entertain a second motion to dissolve the attachment,
and we cannot say that there was an abuse of discretion in
so refusing, especially as no new grounds were averred.

It is urged that there had been in fact no adjudication in
the county court of the attachment, for the reason that the
motion to discharge the same was not passed upon until
after final judgment.   Since this case was submitted it has
been held that a motion to discharge must be made before
final judgment, but that after judgment the court may rule
upon such motion.   (*Moline, Milburn & Stoddard Co. v.
Curtis,* 38 Neb., 520.)   The order of the county court sus-
taining the attachment was, therefore, *coram judice,* and not
having been reversed, and the refusal of the district court

to reverse it not having been excepted to or assigned as error, we must treat the action of the county court as an adjudication of the question and as justifying the district court in refusing to entertain an independent motion for the same purpose.

JUDGMENT AFFIRMED.