COOMBS COMMISSION COMPANY v. BLOCK, *Appellant.*

Division One, November 26, 1895.

1. **Constitution:** JURY: STATUTE. The statute governing jury service in Jackson county (Laws, 1891, p. 172) is constitutional. *Dunne v. Railroad,* 131 Mo. 1, *followed.*

2. Attachment: PLEA IN ABATEMENT: WAIVER. A plea in abatement of an attachment is not waived by the filing of an answer to the merits; but is governed by the rule that matter in abatement in an answer is not waived by matter in bar in the same pleading. Missouri cases on that subject reviewed.

3. ——: ——: TRIAL. Issues in abatement should be tried before issues on the merits; but the trial of the latter first, in an attachment suit, where defendant has pleaded in abatement and in bar, is not of itself reversible error.

4. ——: ——: PLEA TO THE MERITS. A defendant in attachment is not bound to plead to the merits until his plea in abatement is disposed of.

5. ——: ——: ——. The issue in abatement of an attachment is distinct from that upon the cause of action. The finding on the latter may be affirmed upon appeal, notwithstanding a reversal of the ruling as to the plea in abatement.

6. Practice: SALE: BURDEN OF PROOF. In a suit for the price of goods sold, defendant counterclaims for other goods sold, giving certain credits to plaintiff, and plaintiff replies, claiming further items of credit on the same account; plaintiff has the burden of proof, and hence the right to open and close.

7. ——: ITEMIZED ACCOUNT: PLEADING. An account of items annexed to a pleading is a part of the record and a proper basis for evidence to sustain it.

8. ——: ——: ACCOUNT STATED. Where a party admits the correctness of an account, but at the same time claims further credits thereon, he does not give the former the force of an account stated.

9. Pleading: REPLY: COUNTERCLAIM: DEPARTURE. New matter in a reply responsive to a counter claim, held, no departure from the petition.

10. ——: VAGUENESS: WAIVER. If the allegations of a pleading are uncertain or vague, the adverse party should seasonably move for their correction; but, if he does not, he can not object on such ground to evidence in support thereof at the trial.

11. Mutual Accounts. Where parties having mutual accounts agree on certain items thereof, the items become liabilities between them in accordance with the agreement.

12. Appellate Practice: REVERSIBLE ERROR. No error should form a basis for reversal, unless it has actually been prejudicial to the substantial rights of the complaining party.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*Frank Titus* for appellant.

(1) The court has jurisdiction by reason of the constitutional questions involved. *State, etc., v. Francis*, 95 Mo. 44. (2) Defendant was entitled as of right to a trial of the issues raised by the affidavit for attachment and its denial was error. See *Farrington v. McDonald*, 28 Mo. 581. (3) That matter in abatement is as creditable a defense as matter in bar; and that the common law rule no longer holds in Missouri, see *Little v. Harrington*, 71 Mo. 390; *Cohn v. Lehman*, 93 Mo. 574, 582, 583. See, also, *Bank v. Foster*, 90 Tenn. 735. (4) The defendant was entitled as of right to withdraw his answer and so permit the issues on the attachment to remain. The trial court improperly overruled defendant's verified motion to that effect set out at page 10 of abstract. The grounds set out in such motion were adequate and not controverted. *Eldred v. Bank*, 17 Wal. 545; *Boatman's Saving v. Forbes*, 52 Mo. 201; 1 Tidd's Practice, 488, 622, 668, 673; *Elliott v. Secor*, 60 Mo. 163. (5) The motion to quash the jury panel was erroneously overruled. *State, etc., v. Co. Ct.*, 89 Mo. 237; *Murnane v. St. Louis*, 27 S. W. Rep. 711. The panel was not drawn or summoned as required by the act of 1879, providing for a jury commissioner in cities having over one hundred thousand inhabitants. (6) Error was committed by the trial court in compelling defendant to go into trial when by law no issues of fact existed. (7) The court erred in refusing instructions as asked by defendant. (8) It was error to refuse defendant the opening and

closing of the case. *Railroad v. Bryan*, 90 Ill. 126; *Bank v. Metcalf*, 29 Mo. App. 384.

*J. B. Hamner* for respondent.

(1) It does not appear how the jury was drawn or selected, hence this court can not review that matter. Every act of the court is presumed to have been done rightfully and according to law until the contrary is shown. *Gates v. Tusten*, 89 Mo. 13; *Schell et al v. Leland*, 45 Mo. 289; *Ellis v. Jones*, 51 Mo. 186; *McDonald v. Frost*, 99 Mo. 44; *Claflin v. Sylvester*, 99 Mo. 276. (2) Filing a plea to the merits in an attachment suit waives a plea in abatement. (3) The court committed no error in its rulings on the instructions. (4) Under the admissions contained in the pleadings plaintiff was entitled to open and close.

BARCLAY, J.—Plaintiff sued for the price of two car loads of potatoes sold to defendant. The petition stated the particulars of the sale, and that defendant was hence indebted to plaintiff in the sum of $363.23, as appeared by an itemized account attached. It gave defendant credit for $36.57, and asked judgment for the balance, $326.66.

The answer denied the allegations of the petition, and set up a counterclaim for a large lot of barrels of apples, sold at various times to plaintiff, and not fully paid for, as appeared from an account filed therewith. In that account plaintiff was given certain credits, leaving an alleged balance of $282.50, claimed by defendant, for which (with interest) he asked judgment.

As there is some question as to the effect of the reply on the rulings discussed, we quote that pleading in full, omitting only caption and signature:

"Now comes plaintiff and admits that he bought the goods from defendant set out in his account and

counterclaim, and paid the amount credited on said account, and paid the additional amounts as set out in an account hereto attached, marked 'Exhibit B,' and was allowed certain other credits thereon as set out in said 'Exhibit B,' all of which said defendant ordered, agreed to, and accepted; and at the time defendant bought said two cars of potatoes, as alleged in plaintiff's petition, it was owing defendant only $36.57, as will appear by said 'Exhibit B,' and which amount was, and is, credited to defendant in plaintiff's petition on said potatoes.

"Wherefore plaintiff asks judgment as prayed in its petition."

Accompanying the reply is an account beginning thus:

"*M. Block & Co.,*
"*In account with*
"*B. F. Coombs & Bro. Com. Co.*"

Then follows a long list of credits and debits, many items of which correspond with the defendant's apple account, contained in the exhibit to his answer. The duplicated items need not be recited. Those not duplicated are as follows:

"*Credit.*"

| | | $ |
|---|---|---|
| "1890." | | |
| "Oct. 11. | By empty barrels..................................... | 3.35" |
| * | *      *      *      * | |
| "Dec. 18. | By allowance........................ ............... | 51.03" |

"*Debit.*"

| | | |
|---|---|---|
| | *      *      *      *      * | |
| "Oct. 9. | To help packing....... ............................ . | 10.75" |
| "Oct. 20. | To allowance on Shaffer & Co., car apples........... | 42.00" |
| "Oct. 23. | To allowance J. Nix........... ................... .. | 18.05" |
| "Oct. 27. | To telegram......: . ..... .... .. ...... ......., | .35" |
| "Nov. 18. | To allowance on Cady & Visibush, car apples.... ... | 40.00" |
| "Nov. 18. | To 2 bbl. apples short............ ............... .... | 5.00" |
| "Nov. 20. | To cash, telegrams................................. | 4.10" |
| "1891." | | |
| "Mar. 31. | To cash paid P. Gleason...... ...........:........... | 120.00" |
| "Mar. 31. | To cash paid P. Gleason..... ..... .......... ........ | 71.62" |
| | "*Bal.* . ...............................   | 36.57" |

At the outset of the action, plaintiff obtained a writ of attachment against the defendant's property, upon the usual affidavit and bond therefor.

On the first day of the return term of the writ, defendant filed a statutory plea in abatement of the attachment.

Two days later he filed the answer already mentioned.

Plaintiff moved to strike out the defendant's plea, on the ground that, by answering to the merits, defendant waived the plea to the attachment.

The court sustained that motion.

The cause of action was then tried, and plaintiff got judgment, from which defendant appealed, after the usual steps.

Before the trial, defendant objected to the panel of jurors on the theory that the act of 1891 (Laws, 1891, p. 172), under which it was summoned, was unconstitutional.

The above is a sufficient sketch of the case for the purposes of this appeal, though we may add some minor facts in dealing with certain points of practice discussed.

1. Is a statutory plea, denying the grounds of attachment, waived by an answer to the merits? The trial court answered in the affirmative.

If the matter in abatement was directed at the action itself (as for example, a plea to jurisdiction over the person), it might be separately pleaded in an answer without thereby waiving an accompanying plea to the merits.

That rule is firmly established now by decisions in Missouri. *Little v. Harrington* (1880) 71 Mo. 390; *Byler v. Jones* (1883) 79 Mo. 261; *Christian v. Williams* (1892) 111 Mo. 429 (20 S. W. Rep. 96). Although a

different doctrine, suggested by the principles of an older system of pleading, has been at times approved. *Rippstein v. Ins. Co.* (1874) 57 Mo. 86; *Moody v. Deutsch* (1884), 85 Mo. 237.

Is there any sound distinction or difference observable, in this regard, between actions begun by ordinary summons and those having an attachment feature?

Is there not rather stronger reason to apply the principle declared in *Little v. Harrington* (1880), 71 Mo. 390, to statutory pleas in abatement of an attachment than to ordinary actions? For in the latter, a plea in abatement in an answer, if sustained, may cause the dismissal of the whole case, while that result does not follow the sustaining of a plea intended to get rid of an attachment. When the latter is sustained, the action proceeds "as if it had been commenced by summons only." R. S. 1889, sec. 569, and sec. 562, as amended, Laws, 1891, p. 45.

Abating an attachment, therefore, has less bearing on the other issues in the case than a successful plea in abatement in an ordinary answer, along with a plea to the merits.

The so-called statutory plea to the attachment is not strictly a plea in abatement. It is called by the law "a plea in the nature of a plea in abatement." R. S. 1889, sec. 561. Though it is usually denominated, for the sake of brevity, a plea in abatement, it is no longer even a plea in abatement of the action. It is only a plea to abate the attachment, and the attachment is merely ancillary to the cause of action presented by the petition. *Stutzner v. Printz* (1895), 43 Neb. 306 (61 N. W. Rep. 620).

A case begun by attachment possesses a dual character. The truth of the facts charged in the affidavit for attachment, if denied by the statutory plea, forms a distinct issue for trial. There is no inconsistence

between a traverse of those facts and a denial of, or other defense to, the allegations of the petition.

We are not unmindful that the views above given are not in harmony with some earlier decisions (for instance, *Fugate v. Glasscock* (1842) 7 Mo. 577; *Hatry v. Shuman* (1850) 13 Mo. 547; *Cannon v. McManus* (1852) 17 Mo. 345; *Green v. Craig* (1870) 47 Mo. 90), or with occasional remarks in other cases. *Bourgoin v. Wheaton* (1860) 30 Mo. 215; *McDonald v. Fist* (1875) 60 Mo. 172; *Beattie v. Stocking* (1879) 70 Mo. 196.

But yet those views appear to us to logically arise from the ruling in *Little v. Harrington*, 71 Mo. 390, and the other cases which have followed it on the point of present discussion.

The decision last named disapproved *Fordyce v. Hathorn* (1874) 57 Mo. 120, which was "an action commenced under the landlord and tenant act by attachment," and in which defendant, "in the same answer, set up matter in abatement of the attachment, and also defenses in bar of the action."

The *Fordyce* case, begun by attachment, was disapproved along with the *Rippstein* case, 57 Mo. 86, in which matter in abatement had been introduced into an answer containing defenses on the merits. In both of these cases the ruling was that the matter in abatement was waived by the matter in bar. Both were alike disapproved in the *Little v. Harrington* judgment.

The exact question now under discussion has not been presented by the facts of any case directly adjudged by the supreme court since *Fordyce v. Hathorn*, 57 Mo. 120, so far as we have been able to discover.

It was held in *Phillips v. Bliss* (1862) 32 Mo. 427, that in an attachment suit, tried on the merits before a justice of the peace and appealed to the circuit court, a plea in abatement might be filed for the first time there. That ruling also seems to sanction the idea that

defending the merits of such an action should not be regarded as a waiver of the right to plead in abatement.

We can discern no substantial ground upon which to maintain a distinction between a plea to abate an attachment and a plea of matter intended to abate an ordinary civil action, with respect to the right to plead the same without thereby waiving the right to defend upon the merits also.

The reasons which permit the one, under our system of pleading, should likewise permit the other.

In this connection it is well to recall that the statute governing attachment proceedings declares "in all cases not specially provided for by this chapter, all pleadings and other proceedings in attachment causes shall conform to and be governed, as near as may be, by the laws regulating the practice in civil cases." R. S. 1889, sec. 555.

The effect of our statute governing proceedings on such pleas in abatement, and appeals to review trials thereon, is to excuse defendant from pleading to the merits of the action until the issue on the plea in abatement of the attachment has been disposed of in the trial court. R. S. 1889, sec. 562, amended, Laws, 1891, p. 45. Although defendant may avail himself of the benefit of that statute, and refrain from pleading to the petition until the plea in abatement is tried, it does not thence follow (nor does the statute intimate) that he must forfeit his right to dispute the facts charged as the ground for attachment, if he pleads to the merits before the attachment issue is tried.

The attachment issue is collateral to the principal cause of action, and both may be treated as severable parts of the case.

An answer to the main issue or cause of action should not be held to confess the grounds of attach-

ment, when the defendant likewise denies those grounds in the manner prescribed by law.

We hold that there was error in the circuit ruling on this point in denying defendant a trial of the plea in abatement.

2. The constitutionality of the statute regulating the summoning of petty jurors in Jackson county (Laws, 1891, p. 172) is called in question by defendant.

On the strength of that contention the case was brought to the supreme court, as the amount in dispute is far less than that fixed as the limit of our jurisdiction. Const. 1875, art. 6, sec. 12.

We have recently ruled upon the statute mentioned, and held it valid. Further discussion of it does not seem necessary. *Dunne v. Cable R'y Co.* (1895) 131 Mo. 1 (32 S. W. Rep. 641).

3. After the court struck out the plea in abatement, the parties proceeded to trial of the cause of action. Had defendant withheld his answer on that branch of the case (as he was at liberty to do) until a finding upon the plea in abatement, he would have had, without question, a trial of the attachment issue first, under section 562 (R. S. 1889, as amended, Laws, 1891, p. 45). Even with his answer on file, the proper course was to first try the abatement issue.

As a general rule, it is more correct and orderly to dispose of an issue in abatement of an action before entering on a trial of the merits, as was explained in *Byler v. Jones* (1883), 79 Mo. 261. That principle would naturally be applicable to such pleas in attachment cases, even without our positive law in section 562 (R. S. 1889), and it is still more potent in view of that section.

But when a defendant pleads in abatement and, before disposition of that plea, pleads also to the merits, in an attachment action, and the trial court,

under an erroneous impression as to the effect of the latter plea, requires it alone to be tried, the judgment on the merits need not necessarily be reversed because of the error touching the rejection of the plea in abatement. *Fitzpatrick v. Flannagan* (1882) 106 U. S. 648.

There is nothing in the record to show that defendant was in any wise prejudiced in the trial of the merits by anything that occurred with reference to the plea in abatement. After that plea was stricken out, defendant took active part in the trial, having vainly insisted on having his plea to the attachment heard. But the issues on that branch of the case are distinct from those raised upon the merits, and we see no substantial reason why, under the law governing the action of this court, a new trial of the whole case should result from the error in striking out the plea to the attachment, unless there was in fact reversible error in the proceedings upon the merits. R. S. 1889, secs. 2100, 2303.

We shall, therefore, examine the assignments of error relating to the trial that was had in the case.

4. Defendant insists that there was no issue to try.

The pleadings have been fully outlined in the opening passages of the opinion. It should be further mentioned that, when the trial began, the defendant's counsel in open court, made the following statement:

"The defendant now waives any proof of the cause of action and demand set up in the petition and he admits that he received the potatoes sued for, and of the value mentioned in the petition; and under this admission we claim the right to open and close the case."

To this the plaintiff's counsel replied:

"The plaintiff admits that defendant's account is right so far as it goes; that we got the apples. This

reply filed admits that we bought the goods of the defendant, and paid the amount credited on the account, and paid the additional amounts set out in the account marked 'B.' I claim that the defendant is not entitled to the opening and closing of the case.''

After some discussion, the court ruled that the plaintiff had the opening and close to the jury, upon the pleadings.

This is complained of as error on the ground that no issue existed.

The reply was not questioned for uncertainty, prior to the trial, and it certainly raised an issue to be tried.

5. Next it is claimed that the account (annexed as an exhibit) could not be considered in determining the sufficiency of the reply or as raising issues to be tried.

Under the positive law of this state, an account, attached to a pleading and referred to therein, will dispense with the necessity of setting forth the items in the pleading itself. An account so annexed is ''a part of the record,'' and a proper basis for the giving of evidence to support it. R. S. 1889, sec. 2075.

The manifest object of that provision of the code of practice is to simplify the forms of pleading, and yet to furnish the adversary party with the particulars of the claim he is called on to meet.

The court did not err in allowing testimony to be given to support the items of the account attached to plaintiff's reply.

6. Defendant then contends that the pleadings and admission of plaintiff's counsel at the trial gave defendant's apple account, on which his answer is based, the force of an account stated, and that it could not hence be disputed by introducing new items into it in the mode indicated by the reply.

Plaintiff's admission of correctness of defendant's account for the apple sales was accompanied with a demand for the further credits claimed in the reply and in the account supplementing it. Such an admission did not preclude plaintiff from proving that it was entitled to those further credits.

7. Defendant claims that the reply was a departure, and changed plaintiff's case from an action for the value of the potatoes to an action to recover money paid out to the use of defendant.

All that need be said on this point is that the new matter in the reply (supposed to constitute the departure from the petition) was set up in response to the counterclaim of defendant. It was relevant to meet the matter stated in the counterclaim, and, hence, can not be regarded as a departure from the petition.

8. Complaint is made that the court allowed plaintiff to show an agreement with defendant, in regard to the apples, by the terms of which allowances, and other disputed items set up in the reply account, became proper matters of credit to plaintiff in the dealings between these parties. Defendant insists that such evidence changed the nature of the plaintiff's case into an action on contract. Even if it did, that objection would not dispose of the point to defendant's advantage.

The allowances and other items were claimed by plaintiff as credits. Whether they were such because of a course of dealing between the parties, or because of special agreements as to particular items, can matter little now. In other words, it is of no legal significance, in the circumstances of this case, whether plaintiff is entitled to those credits on the basis of express contract, or of implied contract.

Had defendant not been sufficiently advised by the account as to the nature of plaintiff's demand, he

should have moved, in proper season, to have the allegations or account made more definite. R. S. 1889, sec. 2057. Not having done so, he could not successfully object at the trial to mere vagueness in the reply touching the nature of the agreement that formed the basis of the credits plaintiff demanded.

9. By the instructions the court confined the issues to the items claimed as additional credits in plaintiff's reply and account. Of that action defendant complains.

The ruling of the court was right, in view of the pleadings and of the admissions at the hearing, already quoted.

The learned trial judge is commended for the course he took in simplifying the issues by the instructions, so that the jury could readily grasp the real grounds of controversy, without having them obscured by irrelevant or admitted matters.

10. Defendant insists, furthermore, that there was error in the modification of the following instruction asked by him, but to which the court added the words indicated by italics, namely:

"2. If plaintiff accepted and received the apples whose value is herein sued for by defendant, without any objection or notice to defendant that the same or any portion thereof were deficient, in either quality or quantity, grade, condition or character, under the agreement of purchase, if any, until after the sale or disposition of them by plaintiff, then plaintiff is not entitled to any rebate or deduction at your hands from the price and value agreed to be paid by it for said apples, *unless on claim made therefor upon defendant by plaintiff, defendant and plaintiff agreed on a settlement of the amount of such claim, and defendant thereupon promised to pay such sum so agreed on, and plaintiff on the*

*faith of such agreement, paid said sum to P. Gleason who claimed the same of plaintiff.*"

There was abundant evidence of the facts called for by the italicized matter.

But defendant urges that allowances or credits, so agreed upon, are without consideration and not binding. What is there in that contention?

Plaintiff and defendant were both commission merchants in Kansas City and occasionally bought articles of each other to supply the wants of their customers. The apples of discord in this case were bought by plaintiff of defendant to be shipped to eastern correspondents of plaintiff, and (according to the testimony of plaintiff's chief officer) defendant agreed, at the time, that the fruit so furnished should be of first class quality. The apples were in many instances shipped east (without inspection by plaintiff's agents) directly from the defendant, or from parties of whom he had bought them. When complaints as to their quality were afterward made by eastern customers of plaintiff, defendant agreed, upon request, to certain allowances on the account by way of credits to plaintiff. These form the basis of the items referred to in the reply; and there was testimony tending to prove that defendant agreed to that adjustment, as to those items.

The concession on the one part was the basis of the agreement on the other part to pay the item as so settled.

Such an allowance of credit is plainly founded on a valuable consideration, within the meaning of the law of contracts.

11. Complaint is made of the refusal of a request by defendant for an instruction as follows:

"The jury are instructed to disregard all testimony in this case regarding the so-called settlement between

the parties to this cause taking place in December, 1890, as testified to by witnesses.''

This refers to plaintiff's evidence given in regard to the item of December, 18, 1890, called ''Allowance, $51.05,'' in the account attached to the reply. That evidence went to show that, on that date, plaintiff made a demand of defendant for certain allowances on the apple account (of the sort already mentioned) to the amount of $102.10. But, after some parley, defendant proposed to ''split the difference,'' which was agreed to. Defendant was then credited by plaintiff with half of the last sum in the manner shown by the item. Plaintiff claimed that defendant expressly agreed to a number of the disputed items at that time. There was considerable evidence to that purport.

The trial court was entirely correct in denying the instruction quoted. The evidence properly belonged in the case; and, furthermore, it came in without the slightest objection.

When evidence (whose nature is patent) has been received without objection at the time, it can not be successfully complained of for the first time, by an instruction.

12. It is also charged as error that the trial court allowed plaintiff the opening and close of the case.

That is a matter in which the trial judge enjoys a large discretion. This court will not reverse his ruling therein, unless some manifest abuse of that discretion is shown. So far from such a showing appearing in this instance, we are decidedly of opinion that the learned judge was wholly right in his ruling as to the burden of proof under the pleadings; the location of that burden being usually (as in the case at bar) the criterion to determine the right to open and close to the jury.

We have touched upon all the assignments of error that require remark; and, finding none of them well

founded as to the main case, we affirm the finding and judgment on the merits.

Owing to the error in denying defendant a trial of his plea in abatement, the circuit ruling on that point is reversed and the cause is remanded for a trial on that issue alone.

As the greater part of the printed record on this appeal is devoted to presenting the case on the merits (as to which we find no error), the costs in this court will be divided equally between the parties. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.