Argued December 19, 1913, decided January 6, 1914.

## STATE *v.* WARNER VALLEY STOCK CO.

(137 Pac. 746.)

**Motions—Definition.**

1. In legal proceedings, a "motion" is an application by a party to an action or a suit for some kind of relief.

**Equity—Pleading—Motions—Decree on Pleadings.**

2. A motion for "such decree as it may appear to the court the said defendants are entitled to upon the pleadings," without stating what decree is desired or any ground for granting the decree, is properly denied.

**Appeal and Error—Review—Successive Appeals.**

3. A decision on appeal that limitations did not run against the state in the case in question is the law of the case on a subsequent appeal in the same case.

**Equity—Answer—Insufficiency—Dismissal.**

4. Where the answer contained no material denials and no facts constituting an answer or defense, there was no error in dismissing the answer without a trial or investigation of defendants' claims.

**Appeal and Error—Review—Scope and Extent—Nature of Decision Appealed from.**

5. On an appeal from an order or decree refusing a decree for defendants on the pleadings, the final decree subsequently entered is not before the Supreme Court for review.

**Appeal and Error—Review—Scope and Extent—Reasons for Decision.**

6. Statements by the court in refusing defendants' motion for a decree on the pleadings are immaterial, where the answer did not state facts constituting an answer or defense; the ruling being correct.

**Public Lands—Cancellation of Patent—Relief.**

7. The state had no right, in a suit to cancel deeds and other papers executed by the state, to ask that the right of defendants as claimants under the land laws of the United States be adjudicated.

From Lake: HENRY L. BENSON, Judge.

Department 1.    Statement by MR. JUSTICE RAMSEY.

This is a suit in equity brought by the state against the Warner Valley Stock Company et al., defendants and respondents, and W. M. Harvey, Jerry Harrington, J. E. Dunnavin, John P. Barry, Frank B.

Houston, Pliney E. Taylor, Peter Tonningsen, Charles Tonningsen and M. A. Poindexter, defendants and appellants, to obtain a decree for the cancellation and delivery up of certain deeds, certificates of sales, and conveyances made by the state, etc. The court below granted a decree against the state, and it also denied a motion made by certain of the defendants for a decree on the pleadings, etc., and these defendants appeal. The facts are stated in the opinion of the court.                                    AFFIRMED.

See, also, 56 Or. 283 (106 Pac. 780, 108 Pac. 861).

For appellants there was a brief over the names of *Messrs. Watson & Beekman* and *Mr. Thomas S. Farrell,* with an oral argument by *Mr. E. B. Watson.*

For the state there was a brief over the names of *Mr. James B. Kerr* and *Mr. Andrew M. Crawford,* Attorney General, with an oral argument by *Mr. Kerr.*

For respondent, the Warner Valley Stock Company, there was a brief, with oral arguments by *Messrs. Coovert & Stapleton.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

The original complaint was filed on May 26, 1907, and a decree was rendered in favor of the defendant company, and the state appealed to this court. Said decree was affirmed in part and reversed in part, and the cause was remanded to the court below for further proceedings. The opinion of the court on said appeal may be found in 56 Or. 283 (106 Pac. 780, 108 Pac. 861). On the 18th day of October, 1910, the plaintiff filed in the court below an amended complaint, and on October 19, 1910, all of the defendants, excepting the defendant company and R. F. McConnaughly, filed an answer

to the amended complaint expressly admitting every allegation of the amended complaint, excepting those specifically mentioned and denied or explained in said answer, and affirmatively pleading the statute of limitations. Said answer contains a few denials of allegations of the amended complaint, but the denials are not material to any question on this appeal, as we view the case. Practically everything alleged in the amended complaint is expressly admitted by this answer. The further and separate defense of these defendants pleaded in said answer is as follows:

"And for a further and separate defense to this suit, these defendants aver that they and each of them have respectively and severally been in the actual, continuous, open, peaceful and uninterrupted possession, occupation, and use of the several tracts of land described in paragraphs 22 to 54, under claim and color of title adverse to the plaintiff, and against the world, for over ten years immediately preceding the commencement of this suit, and that the same is barred by the statute of limitations."

The foregoing is the whole of the separate defense pleaded in said answer. The plaintiff did not demur to said defense or move to strike it out, nor was any reply thereto filed. On the 16th day of October, 1911, these defendants filed in the court below a motion for a decree on the pleadings, of which the following is a copy: "Now come all of the defendants above named, except Warner Valley Stock Company and R. F. McConnaughly, by their attorneys E. B. Watson and Thos. S. Farrell, and move this honorable court to grant to said defendants such decree as it may appear to the court the said defendants are entitled to upon the pleadings on file herein." The foregoing is the whole of said motion, excepting the title of the cause and the signatures of counsel thereto. The court below, after stating certain reasons for doing so, denied

said motion; the order denying said motion being stated thus: "It is ordered and adjudged by the court that the said motion be, and the same is hereby, denied, and that said defendants take nothing by their answer."

The order or decree overruling said motion is not the final decree in said suit, and it is not an order or a decree which determined the suit so as to prevent a decree within: See Section 548, L. O. L. The writer of this opinion will say, as *obiter dictum,* that he seriously doubts the right of said defendants to appeal from said order or decree; but, with the view that we take of this case, it is not necessary to decide whether said order or decree was appealable. The final decree was entered after said motion was denied, and it is not appealed from.

1, 2. The appellants contend that the court below erred in overruling said motion for a decree in favor of said defendants, on the pleadings.

In legal proceedings, a "motion" is an application by a party to an action or a suit for some kind of relief: 14 Ency. Pl. & Pr. 73. A motion should state what relief the mover desires, and the reasons or grounds for asking it. In 14 Ency. Pl. & Pr., page 119, the rule is stated thus: "It is the duty of a party who asks relief by motion to point out specifically what he desires. But a motion praying for certain relief may, sometimes, be treated as a motion for relief substantially embraced therein." The same volume, on page 117, says: "A motion must state the grounds or reasons on which it is based, or it will be overruled."

In *Stuht* v. *Sweesy,* 48 Neb. 770 (67 N. W. 749), the court says:

"But the motion (to strike out parts of a pleading) did not specify any particular portion which should be stricken out, but left the court to surmise or determine what portions the pleader meant as referring to the

Chapman contract. For this reason, if for no other, there was no error in overruling the motion. A motion to strike out should designate with particularity the averments which are deemed surplusage.''

In *Walker* v. *Morse,* 33 Neb. 651 (50 N. W. 1056), the court says:

''It will be observed that this motion on behalf of the defendants in error is very general in its terms. The grounds are, 'that it (the bill of exceptions) was not made and signed as required by law.' In what respect there had been a failure to comply with the law we are not informed. * * It should specifically point out the defect complained of, and where it fails to do so it should be overruled, unless there is a total omission of some essential requirement of the law, such as the failure of the judge to sign the bill.''

In *Jackson* v. *Rowles,* 67 Mo. 613, the court says:

''The motion to strike out parts of the replication does not sufficiently designate the parts thereof sought to be stricken out, and, for that reason, the action of the court in overruling it cannot be considered.'' See, also, on this point, *Brown* v. *Baker,* 39 Or. 71 (65 Pac. 799, 66 Pac. 193); *Hermann* v. *Hutcheson,* 33 Or. 239 (53 Pac. 489).

It will be noticed that the appellants' motion for a decree on the pleadings fails to specify what decree is desired, and asks the court to grant to the said defendant ''such decree as it may appear to the court the said defendants are entitled to upon the pleadings on file herein.'' The motion does not indicate in any manner to what decree the movers deemed themselves entitled. The motion left it entirely to the court to search the voluminous pleadings and grant them such decree as the court should find them entitled to. The motion does not state any ground or reason for granting them a decree.

3. The motion should have stated what decree the appellants wished the court to grant and the reasons for asking it. It did neither, and it was insufficient to raise any question, and the court properly overruled it. But assuming that the motion was sufficient to require the court to examine the pleadings and ascertain from them what the appellants' rights were, did the court err in denying said motion?

Counsel for the appellants claims that a decree should have been granted in favor of his clients, because they filed an answer in which they pleaded the statute of limitations, and no reply was filed denying said plea. When the case was here before on appeal, the question whether the statute of limitations was pleadable against the state was raised, discussed and decided by this court. In *State* v. *Warner Valley Stock Co.*, 56 Or. 299 (106 Pac. 786), Mr. Justice EAKIN, delivering the opinion of the court, says:

"Defendant relies on the statute of limitations as a bar to this suit, in that it was not brought within ten years from the date of the deeds, also on the provision of Section 378 of the Civil Code, * * to the effect that no suit shall be maintained to cancel a patent to lands issued by the United States or by this state unless commenced within ten years from the date of the patent. But that provision, being an amendment of that section (Laws 1878, p. 25), was by this court held to apply only to controversies arising under Section 501 of the Civil Code, * * viz., where there was a conflict between rival claimants to a donation from the general government of the United States, or of a grant from the state. Therefore, it has no application here: *Baker* v. *Woodward*, 12 Or. 3 (6 Pac. 173). This case is not covered by any of the provisions of the statute of limitations. It is a case of purely equitable cognizance. Its purpose is to procure the cancellation of deeds, valid on their face, issued by the officers of the state, whose duty it was to execute deeds for the state

in cases of sales of lands, and were in due form, but issued in a case not authorized by law, and therefore cannot bind the state, but it has no remedy at law. In cases of purely equitable rights the equity court is not bound by the statute of limitations.''

This court held, in that opinion, in this case, when it was here before, that the statute of limitations did not run. That opinion is the law of this case and binding upon this court. Hence the appellants' plea of the statute of limitations did not state facts sufficient to constitute a defense, and it was not necessary to reply to it. If the appellants' motion for judgment on the pleadings had stated what decree was asked for, and the reasons therefor, it would still have been the duty of the trial court to overrule it. The motion for a decree in favor of said defendants, on the pleadings, was properly overruled. When this case was here before, this court held that it appeared *prima facie* from the complaint that the state had been guilty of laches, and that the *onus* was on the plaintiff to allege and prove facts showing an excuse for not commencing this suit earlier: 56 Or. 304 (106 Pac. 780, 108 Pac. 861). This court reversed the decree in part and re-manded the case to the court below for further proceed-ings, and thereafter the state filed an amended com-plaint, stating, *inter alia,* facts showing good reason for not commencing this suit earlier. The appellants, by their answer to said amended complaint, admitted the allegations of the amended complaint showing that the state had not been guilty of laches.

4. The second assignment of error is that the court erred in dismissing the appellants' answer without a trial or investigation of their claims. The appellants' answer contained no material denials, and no facts con-stituting an answer or a defense, and hence the trial court properly ordered that the said defendants take

nothing by their said answer. No trial or investigation was necessary, for there was nothing to try.

5. The appellants' last assignment of error is that the decree of the court below is contrary to law and the established practice of courts of equity. As the appellants appealed only from the order or decree of the court made when it overruled their motion for a decree on the pleadings, the final decree of the court which was made after that order or decree was granted, is not before us for review. A copy of it is among the papers, but, as the appellants did not appeal from it, they are not entitled to have it examined by this court. Only the decree or order appealed from can be considered.

6. While the court below made various statements in passing on the appellants' motion for a decree on the pleadings, it is not necessary to consider those statements, because the appellants' answer, as shown *supra,* did not state facts sufficient to constitute an answer or a defense, and it is clear that said motion was properly overruled.

7. It appears from the amended complaint that the appellants settled upon the lands claimed by them under and by virtue of the laws of the United States relating to homestead, pre-emption and timber culture claims. They claim title under the United States, and they have no interest in the controversy between the state and the defendant company, and we think that they were neither necessary nor proper parties to this suit for the cancellation of the deeds and documents referred to in the prayer of the amended complaint. The answer of these defendants to the original complaint was stricken out, for the reason that they had no interest in the matters to be adjudicated; but, when the state amended its complaint, it again made them parties. We hold that they were not proper parties, and that any claims that they had as homestead, pre-

emption or timber culture claimants, under the laws of the United States, could not be properly adjudicated in a suit for the cancellation of the deeds and documents referred to in the amended complaint. The state had no right, in a suit for the cancellation of the deeds and other papers executed by the state and referred to in the amended complaint, to ask that the rights of the appellants as claimants, under the land laws of the United States, be adjudicated: See *Oregon v. Warner Valley Stock Co.*, 48 Or. 386 (86 Pac. 780 87 Pac. 534).

We find no error in the decree or order of the court below.

The decree of the court below is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.